NICHOLAS RESS, GUARDIAN, APPELLEE, v. FREDERICK SHEP-
HERD, APPELLANT.

FILED APRIL 24, 1909.    No. 15,629.

Guardian and Ward: ACCOUNTING: ATTORNEY'S FEES. The unlawful
carnal knowledge of a feeble-minded or insane woman by an
adult male person constitutes a felony, if the man has knowledge
of the mental condition of the woman. If by virtue of such
criminal intimacy the woman becomes pregnant and a suit in
filiation is instituted, neither the county attorney nor his deputy
is entitled to receive a fee for representing the woman therein,
and the good faith of the attorney will not justify the guardian
of the woman in paying such fee.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE.  *Reversed.*

*Shepherd & Ripley,* for appellant.

*E. C. Strode, F. M. Tyrrell, J. L. Caldwell* and *B. C.
Enyart,* contra.

ROOT, J.

1. This suit involves the account of a guardian of a
feeble-minded woman, and the items challenged are
attorney fees paid and expenses incurred in and about
a suit for filiation and in the guardianship proceedings.
The guardian was appointed after the termination of the
former litigation, and settled with his ward's attorneys,
one of whom was then county attorney for the county
where the crime was committed, and the other deputy
county attorney.  The evidence establishes that the fees
were reasonable and the result of the litigation fruitful.
The guardian *ad litem,* however, insists that said counsel
were disqualified from receiving any reward for their
services.  Emma Moegenberg is now confined in a hos-
pital for the insane.  Although physically strong, the
woman has always been feeble-minded and not competent

to transact business or to judge wisely concerning herself. She was neglected and practically repudiated by her immediate family, and had been making her home with a farmer whose wife was related by affinity to the incompetent's brother, and while at said place she became pregnant. When her condition became apparent, she was sent away, and finally found refuge in a public institution at Milford. Friends of the young woman complained to the county attorney. He sent to Milford, and the matron brought said ward to the prosecutor's office. Bastardy proceedings were instituted by said attorney and his deputy against said farmer, who had disposed of all his property and left Lancaster county. The man was apprehended and brought to Lincoln, whereupon he at once settled said suit, although protesting his innocence.

Section 9554, Ann. St., 1907, is as follows: "No prosecuting attorney shall receive any fee or reward from or on behalf of any prosecutor or other individual, for services in any prosecution or business to which it shall be his official duty to attend; nor be concerned as an attorney or counsel for either party, other than for the state or county, in any civil action depending upon the same state of facts upon which any criminal prosecution, commenced or prosecuted, shall depend." In our judgment this statute as effectually prohibits a county attorney from becoming financially interested in civil suits depending on facts that might warrant the commencement of criminal prosecutions as in cases where such prosecutions have been commenced or concluded. The county attorney is the public prosecutor, and his office is *quasi* judicial. In the discharge of the functions of that office he is called upon to exercise a sound discretion to distinguish between the guilty and the innocent, and to refrain from prosecuting those persons whose guilt is so doubtful that in his judgment justice will not be subserved by prosecutions, and there should not be anything in the way of private interest to

possibly sway that judgment or to tempt him to depart from a disinterested and conscientious discharge of his duty. *Wight v. Rindskopf,* 43 Wis. 344. Section 200 of the criminal code provides a punishment of not less than three nor more than ten years for the conviction of any male person over the age of seventeen years who is guilty of the carnal knowledge of any insane or feeble-minded female other than his wife, if he knows the mental condition of the injured person.

With the possibility of a prosecution for felony at the hands of counsel for the plaintiff in the bastardy suit staring the defendant therein in the face, one may well imagine that he might willingly settle the statutory proceedings, although innocent, and the prosecutor, with a fee in hand for a successful termination of the suit in filiation, might be tempted to look with leniency upon the evidence as applied to a possible criminal prosecution. The case at bar is within the meaning of section 9554, *supra,* even though it may not fall within the exact terms thereof. Sutherland (Lewis), Statutory Construction (2d ed.), sec. 379; *Rice v. Ashland County,* 108 Wis. 189; *State v. Baushausen,* 49 Neb. 558. Independent of any statute, we are inclined to adopt in this case the language of Mr. Justice Williams in *Goodyear v. Brown,* 155 Pa. St. 514: "Anything that tends clearly to injure the public health, the public morals, the public confidence in the purity of the administration of the law, or to undermine that sense of security for individual rights whether of personal liberty or of private property which any citizen ought to feel, is against public policy." The subject matter of the cited case is not like that of the instant one, but the principle applies.

We do not hold that counsel were actuated by any improper motives in doing what was done, or that they agreed to forbear a criminal prosecution in consideration of the prompt payment of their client's claim, or that their official conduct was in any manner influenced by the fee that they received in the civil action; but that they

did not have a claim for fees that the law would have enforced against the woman. This being the case, the guardian was not entitled to credit in his account for the fee paid for services rendered in said action. Said attorneys paid out $65 for the benefit of the incompetent, and this they were entitled to recover, also for the value of the services rendered by them in the guardianship proceedings.

2. The guardian claims that he settled with said attorneys, relying upon the advice of the then county judge. It does not appear that the judge acted in his official capacity in giving such advice, and what he told the guardian is not a defense to the payment of an illegal claim against said estate.

The judgment of the district court therefore is reversed and the cause remanded for further proceedings.

REVERSED.