GLADYS MAY THOMPSON, APPELLEE, v. PHILO P. THOMPSON, APPELLANT.

36 N. W. 2d 648

Filed April 7, 1949. No. 32590.

*Carlos W. Goltz* and *Mark J. Ryan,* for appellant.

*Harry N. Larson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a proceeding to vacate a decree of divorce for the reason that plaintiff's attorney was disqualified from so acting under the provisions of section 23-1206, R. S. 1943. The trial court refused to set the decree aside and the defendant appeals.

The plaintiff, Gladys May Thompson, filed her petition for divorce against the defendant, Philo P. Thompson, on July 9, 1947, on the ground of extreme cruelty. The petition was filed by John E. Newton who was at the time the county attorney of Dixon County. The defendant filed his amended answer and cross-petition on October 25, 1947, wherein he set out in part the following: "that on or about the month of October, 1945, the plaintiff went to the County Attorney of Dixon County and falsely accused the defendant of having beaten her and caused a complaint to be filed charging him with

assault and battery." To this complaint the defendant entered a plea of guilty. The amended answer and cross-petition also alleged "That on the 7th day of July, 1947, the plaintiff again caused a similar complaint to be filed against this defendant * * *." The defendant pleads that he left the county until this prosecution was abandoned by the plaintiff. No objection to the participation of John E. Newton was made and, after trial, a divorce was granted the plaintiff.

On May 3, 1948, the defendant filed a petition in the divorce action to vacate the decree of divorce on the ground that John E. Newton, the attorney for the plaintiff, was at the time the county attorney of Dixon County; that John E. Newton had twice prosecuted him for assault and battery against his wife; and that as attorney for plaintiff he used the same evidence in this action that he had used in the criminal prosecutions. It is asserted that the criminal complaints and the charge of cruelty in the divorce action depended upon the same state of facts and that John E. Newton, under such circumstances, was disqualified from representing the plaintiff by virtue of section 23-1206, R. S. 1943. Defendant further alleges that he was prejudiced thereby and that the decree rendered in the divorce action was a nullity because of the participation of John E. Newton as counsel for the plaintiff.

By her answer plaintiff denied that the criminal complaints and the suit for a divorce depended upon the same state of facts, or upon facts investigated by John E. Newton in his capacity as county attorney. Plaintiff further alleges that defendant and his counsel were before and throughout the trial familiar with the participation of John E. Newton as plaintiff's attorney, that no objection was made, that any objection that might have been made was waived, and that defendant is now estopped to have the decree of divorce vacated for the purpose of securing a new trial.

The pertinent part of section 23-1206, R. S. 1943,

provides: "No prosecuting attorney * * *; nor shall he act or be concerned, as an attorney or counsel for either party, other than for the state or county, in any civil action depending upon the same state of facts upon which any criminal prosecution, commenced or prosecuted, shall depend, or depending upon the same state of facts, investigated by him, while acting as county coroner."

The purpose of the foregoing statute is the protection of the public by making certain that a county attorney's duties shall not be influenced by private interest. Ress v. Shepherd, 84 Neb. 268, 120 N. W. 1132. It is a wholesome rule that should be followed by attorneys filling the position of county attorney, and enforced by courts in cases where the statute is infringed. But a party to a civil suit, having full knowledge of the facts, is required to make his objection to the participation of the disqualified attorney to the trial court. He may not sit by and take his chances on a favorable judgment and then claim the disqualification as prejudicial error entitling him to a new trial.

In Webber v. Barry, 66 Mich. 127, 33 N. W. 289, 11 Am. S. R. 466, a case involving a statute similar to the one here involved, the court said: "It would have been the most proper course, it seems to me, for the defense to have objected to Davitt's taking any part in the trial at the beginning. Instead of this, they sat by and allowed him to participate in selecting the jury without any demur or protest. They knew then as well as afterwards the part he had taken in the criminal prosecutions. * * * If, when they pleaded to Davitt's declaration, he had taken part in the criminal proceedings, their plea was a waiver of any objection they might have to his commencement of the suit; and, if they found it out later, it was their duty to move at once. In my opinion they waived by their acts all legal objection, if there was any, to the commencement of suit by Davitt, or his participation in selecting the jury." The following cases are to

the same effect: Snyder v. Tribune Co., 161 Iowa 671, 143 N. W. 519; State v. Smith, 108 Iowa 440, 79 N. W. 115.

The quotations cited from the defendant's answer and cross-petition show conclusively that defendant and his counsel were familiar with the facts. No objection was made until the petition to vacate the decree of divorce was filed. The objection comes too late. Assuming without deciding that the evidence was sufficient to bring John E. Newton within the purview of the statute, the violation was waived insofar as the defendant is concerned. The trial court was right in denying the petition praying for the vacation of the decree of divorce.

Plaintiff, Gladys May Thompson, is allowed an attorney's fee for services rendered in this court in the amount of $150.

AFFIRMED.