STATE OF NEBRASKA, APPELLEE, V. BILLY BOYCE, APPELLANT.

233 N. W. 2d 912

Filed October 16, 1975. No. 39961.

Dennis E. Koley, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

McCOWN, J.

The defendant, Billy Boyce, was charged with unlawfully taking away, holding, or imprisoning a police of-

ficer against his will for the purpose of compelling the performance of an act by such officer, in violation of the kidnapping statute, section 28-417, R. S. Supp., 1974. The defendant was found guilty by a jury and was sentenced to a term of 5 to 15 years imprisonment.

The facts involved are fully set out in the case of State v. Saltzman, *ante* p. 525, 233 N. W. 2d 914. Some of the issues are disposed of in State v. Saltzman, and are controlling here as to those issues. The defendant Boyce raises additional issues for determination.

Boyce first contends that the District Court erred in overruling his motion for a continuance of the trial. The offense charged occurred on October 27, 1974. Counsel was appointed to represent Boyce on October 28, 1974. Preliminary hearing was held on November 15, 1974. The defendant was arraigned and pleaded not guilty on November 18, 1974, and at that time jury trial was set for November 25, 1974, 1 week later. On November 21, 1974, the defendant filed his motion for continuance. The motion requested a continuance to January 1975, "so that defendant's counsel can effectively prepare a defense." The motion was denied and trial proceeded on November 25, 1974. By that time the defendant's counsel had been appointed and acting for approximately 1 month. There was no showing that any witnesses were unavailable or had not been interviewed, nor that the defense would be prejudiced in any specific item of trial defense. The basic complaint was simply the general shortness of time for preparation.

An application for postponement of trial is addressed to the sound discretion of the trial court and an order denying it will not be disturbed on appeal unless there is a clear abuse of discretion. State v. Newton, 193 Neb. 129, 225 N. W. 2d 562. The time between arraignment and trial here was shorter than usual, and a reasonable extension of time might well have been a proper exercise of discretion. Nevertheless, the defendant must also show that his rights were prejudiced by the failure of

the court to grant a continuance. See State v. Woods, 182 Neb. 668, 156 N. W. 2d 786. No satisfactory showing was made here and we cannot say that the denial of the continuance was a clear abuse of discretion.

Boyce also contends that the court erred in overruling defendant's motion for appointment of a special prosecutor. He contends that the county attorney was personally involved and had a personal interest in convicting the defendants, and that the failure to relieve the county attorney and appoint a special prosecutor denied the defendant the right to a fair and impartial trial. A prosecuting attorney who has a personal interest in obtaining an acquittal or conviction may be disqualified. Where he is the actual victim of the alleged crime, or his property is the subject of it, the cases generally find him to be disqualified. The basis for the rule is that where the county attorney is, in effect, an injured party, he has a personal interest in securing a conviction and therefore can no longer be disinterested and impartial in seeking equal justice in the public interest only. See, State v. Cox, 246 La. 748, 167 So. 2d 352; People v. Krstovich, 338 N. Y. Supp. 2d 132, 72 Misc. 2d 90.

In Ress v. Shepherd, 84 Neb. 268, 120 N. W. 1132, this court said: "The county attorney is the public prosecutor, and his office is quasi judicial. In the discharge of the functions of that office he is called upon to exercise a sound discretion to distinguish between the guilty and the innocent, and to refrain from prosecuting those persons whose guilt is so doubtful that in his judgment justice will not be subserved by prosecutions, and there should not be anything in the way of private interest to possibly sway that judgment or to tempt him to depart from a disinterested and conscientious discharge of his duty." See, also, Stewart v. McCauley, 178 Neb. 412, 133 N. W. 2d 921.

Boyce contends that the county attorney was the injured party in this kidnapping offense because the defendants committed the offense with the *intention* of

committing a subsequent and different crime against the person of the county attorney. The subsequent intended crime was never committed however. The county attorney was not an injured party in the kidnapping offense charged simply because he was the intended victim of a subsequent intended crime which was never committed. Although the county attorney would have been justified in disqualifying himself, he was not disqualified as a matter of law. There is no showing or claim that any action of the county attorney in the trial of the case was not fair and impartial. Under the circumstances here, the District Court did not err in overruling the motion for appointment of a special prosecutor.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.