REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Haberman:
This is in reply to your letter in which you state you are considering introducing legislation pertaining to the responsibilities of county attorneys.
You first ask:
 1. It is (sic) Is it the responsibility of a county attorney to prosecute crimes when such crimes would be a violation of a state statute and a village ordinance.
The duty of the county attorney in this regard is set forth in Neb.Rev.Stat. § 23-1201 (Supp. 1982) which provides in part:
 Except as provided in section 29-3602, it shall be the duty of the county attorney, when in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony or misdemeanor, to prepare, sign, verify, and file the proper complaint against such person and to appear in the several courts of the county and prosecute the appropriate criminal proceeding on behalf of the state and county.
From the foregoing you can see that the duty to prosecute depends upon whether or not the county attorney is in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony or misdemeanor. (Section 29-3602 excepted in the foregoing relates to pretrial diversion cases.)
In the event someone thought the county attorney was abusing the discretion given him in the above statute, the remedy would be an action for removal from office or removal by recall petition and election.
Neb.Rev.Stat. § 23-2001 (Reissue 1977) in regard to removal, provides:
 All county officers may be charged, tried, and removed from office, in the manner hereinafter provided, for (1) habitual or willful neglect of duty, (2) gross partiality, (3) oppression, (4) extortion, (5) corruption, (6) willful maladministration in office, (7) conviction of a felony, or (8) habitual drunkenness.
The Supreme Court of Nebraska in Hiatt v. Tomlinson,100 Neb. 51, 158 N.W. 363 (1916), construed a similar statute and concluded:
 To wilfully fail, neglect or refuse to enforce a law involves more than oversight or carelessness or voluntary neglect. It must be prompted by some evil intent. or legal malice, or at least be without sufficient grounds to believe that he is performing his duty. This holding is well sustained by authority.
Thus, under this procedure it would be quite difficult to sustain a charge.
The procedure for removal by recall petition and election is set forth in Neb.Rev.Stat. § 23-2010 et seq.
(Supp. 1982) and does not require any grounds.
Your first question couples together `a state statute and a village ordinance.' The criminal code passed by the Legislature in 1977 classifies various crimes into felonies and misdemeanors of different degrees which apply to that code and any statute passed thereafter by the Legislature. Village ordinances would not fall within the duty of the county attorney to prosecute.
You next ask:
 2. What is the proper course of action for a county attorney to pursue in a situation in which he has acknowledged a conflict of interest and chooses not to prosecute a criminal act because of such conflict of interest.
Neb.Rev.Stat. § 23-1205 (Reissue 1977) provides:
 In the absence, sickness or disability of the county attorney and his deputies, or upon request of the county attorney for good cause, the court may appoint an attorney to act as county attorney in any investigation, appearance, or trial, by an order to be entered upon the minutes of the court, but who shall receive no compensation from the county except as provided for in section 23-1204.01.
In Stewart v. McCauley, 178 Neb. 412, 133 N.W.2d 921
(1965), the Supreme Court of Nebraska in interpreting this section stated:
 Section 23-1205, R.R.S. 1943, gives the district court the authority to appoint an acting county attorney in the absence, sickness, or disability of the county attorney. As early as Gandy v. State, 27 Neb. 707, 43 N.W. 747, the word `disability' was interpreted to cover situations where the county attorney by reason of prior employment disqualified himself to act in the new case. . . . The purpose of sections 23-1205 and 23-1206, R.R.S. 1943, is the protection of the public by making certain that a county attorney's duties shall not be influenced by private interests. See Ress v. Shepherd, 84 Neb. 268, 120 N.W. 1132.
The Supreme Court of Nebraska previously held in the case of Spaulding v. State, 61 Neb. 289, 85 N.W. 80
(1901), that it was proper for the district court, on its own motion, to appoint an acting county attorney to prosecute a case which the county attorney had refused to prosecute. The evidence relied on by the court to support the district judge does not appear in that case.
Under the interpretation of the above statute, the proper course of action, assuming it is a case which should be prosecuted under § 23-1201 (Supp. 1982) (the statute first quoted in part under question 1), the county attorney should request the appointment of an acting county attorney or the court, if in possession of sufficient facts to do so, could appoint one on its own motion.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General