STATE OF NEBRASKA, APPELLEE, V. JAMES A. HATFIELD, APPELLANT.

356 N.W.2d 872

Filed October 12, 1984.    No. 83-969.

John R. Brogan of Brogan & McCluskey, for appellant.

Charles W. Campbell and Vincent Valentino, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Following a bench trial in the county court for York County, the defendant was convicted of an assault based on a York, Nebraska, city ordinance. He was sentenced to a jail term of 10 days and was fined $100. His conviction and sentence were affirmed by the district court.

Defendant appeals to this court and assigns as error the following: (1) The court failed to disqualify the deputy city attorney from prosecuting this complaint; (2) The record fails to support a conviction for assault; (3) The sentence imposed was void as being contrary to the city ordinance; and (4) The district court erred in failing to take judicial notice of the applicable city ordinance. We affirm.

During the late afternoon of January 13, 1983, the defendant and the victim had been drinking at the Midway Bar in York, Nebraska, and became involved in an argument. The defendant invited the victim to go outside, where they would settle the dispute. Both men eventually went outside the tavern. A fight ensued in which the victim was badly beaten. According to an eyewitness, the victim made no effort to fight, but was just trying to cover up. The defendant, on the other hand, spent about 10 minutes punching and kicking the victim. The defendant also grabbed the victim by the hair and would hold up his face so that he could hit him, and, while the victim was still lying on the ground, the defendant repeatedly kicked him. The victim's specific injuries included multiple facial abrasions, contusions around both eyes, black eyes, bleeding into the whites of the eyes, a fractured nose, and lacerations of the lower lip and of the mouth.

The defendant had moved to disqualify the prosecuting attorney in this case because one of five members of the attorney's law firm had represented the defendant's wife in a marriage dissolution action. Although a final decree had been entered some time earlier, it is claimed that there was still some activity, apparently with reference to a property settlement. Defendant's wife was in no way involved in the present litigation. The court would not order the prosecutor to be disqualified. This is the basis of the defendant's first assignment of error.

The defendant states as a proposition of law that a prosecutor should avoid the appearance or reality of a conflict of interest with respect to his official duties. In support of that statement, he cites us to the ABA Standards Relating to the Prosecution Function and the Defense Function § 1.2 (Approved Draft 1971). That standard reads in part as follows:

1.2 Conflicts of interest.

(a) A prosecutor should avoid the appearance or reality of a conflict of interest with respect to his official duties.

(b) A conflict of interest may arise when, for example,

(i) a law partner or other lawyer professionally associated with the prosecutor or a relative appears as, or of, counsel for a defendant.

We do not disagree with that principle, but certainly the facts of this case do not in any way parallel the example set forth above.

Defendant also cites us to a number of cases, including *Fitzsimmons v. State*, 116 Neb. 440, 218 N.W. 83 (1928), in which a judgment of conviction was reversed because of the appointment as a special assistant to the prosecutor of a lawyer who still retained some partnership interest in the practice of law with the attorneys representing the defendant. That case is not applicable here.

*Ress v. Shepherd*, 84 Neb. 268, 120 N.W. 1132 (1909), stands for the proposition that no public prosecutor may become financially interested in a civil suit depending upon facts that might warrant the commencement of a criminal prosecution. Again, such facts are not present in this case.

In *Stewart v. McCauley*, 178 Neb. 412, 133 N.W.2d 921 (1965), this court came to the obvious conclusion that a county attorney who had represented the natural parents in a child custody dispute was disqualified from acting in a juvenile court proceeding to provide for the welfare of that same child claimed to have been neglected by the parents. That situation is not in any way similar to the facts of the present case.

On the other hand, this court affirmed the action of the district court in refusing to disqualify a prosecuting attorney in a prosecution for unlawfully detaining a police officer. The offense was committed with the intention on the part of the defendant of committing a subsequent and different crime against the person of that prosecuting attorney. *State v. Boyce*, 194 Neb. 538, 233 N.W.2d 912 (1975). The court agreed that, generally, a prosecuting attorney who has a personal interest in the obtaining of a conviction of a defendant, as where such attorney is the *actual* victim of the alleged crime, or his property is the subject of it, *may* be disqualified.

We do agree that a prosecuting attorney who himself, or a member of his same firm, has represented the spouse of a defendant should be disqualified from prosecuting such defendant for a crime arising out of the marriage relationship. Disqualification would also be proper where, because of such representation, it is shown that the attorney has obtained confidential information which would be helpful in such criminal prosecution. See, *Ganger v. Peyton*, 379 F.2d 709 (4th Cir. 1967); *Davenport v. State*, 157 Ga. App. 704, 278 S.E.2d 440 (1981); *Lykins v. State*, 288 Md. 71, 415 A.2d 1113 (1980).

Personal animosity on the part of the prosecuting attorney toward the defendant of such a degree that it was likely to color the prosecutor's judgment as to whether to prosecute, or would cause such attorney to make highly inflammatory and prejudicial statements to the court during trial, may be sufficient to cause a conviction to be set aside. *May v. Commonwealth*, 285 S.W.2d 160 (Ky. 1955) (prosecution for assault where prosecuting attorney was the victim); *State v. Marcotte*, 229 La. 539, 86 So. 2d 186 (1956). See, also, Annot., 31 A.L.R.3d 978 (1970).

The only suggestion of animosity in this case was the bald assertion by the defendant that he had heard that the prosecutor's associate, who had represented his wife in the dissolution case, "didn't like me." On the other hand, there was testimony that the prosecutor was not even aware of the domestic relations representation until after the complaint had been filed. There is no merit to the first assignment of error.

In support of his claim that the record fails to sustain a conviction for assault, the defendant argues that the victim's agreement to enter into a fight constitutes an absolute defense to the charge of assault. He also states that the reputation of the defendant for peaceful behavior must be contrasted with the reputation of the victim for violent behavior.

Considering the second half of that argument first, the defendant is talking about the defense of justification, or "self-defense." The court received opinion testimony as to the reputations of both the defendant and the victim. It also heard direct testimony of the facts leading up to the altercation and obviously chose to find against the defendant on his claimed

defense. The questions as to who was the aggressor, whether there existed in the mind of the defendant apprehension based upon reasonable grounds therefor of imminent peril to life or limb of the defendant so as to justify his using force, and whether the means adopted for his defense were reasonable and appropriate for that purpose, in view of all the circumstances surrounding him at the time, are all essentially questions of fact of which the judge or jury, as the case may be, is the sole judge. *State v. Kimbrough*, 173 Neb. 873, 115 N.W.2d 422 (1962).

Although we do not have the city ordinance before us, under statutory law the defendant was guilty of either assault in the first degree or assault in the third degree, i.e., "he intentionally or knowingly causes serious bodily injury to another person," Neb. Rev. Stat. § 28-308(1) (Reissue 1979), or "[i]ntentionally, knowingly, or recklessly causes bodily injury to another person." Neb. Rev. Stat. § 28-310(1)(a) (Reissue 1979).

Although there is authority to the contrary, in dealing with a criminal charge all attempts to do physical violence which amount to a statutory assault are unlawful and a breach of the peace, and a person cannot consent to an unlawful assault. *Morris v. Miller*, 83 Neb. 218, 119 N.W. 458 (1909); *Archer v Burton*, 91 Mich. App. 57, 282 N.W.2d 833 (1979); *State v. Roby*, 194 Iowa 1032, 188 N.W. 709 (1922); *Banovitch v. Commonwealth*, 196 Va. 210, 83 S.E.2d 369 (1954); *People v. Samuels*, 250 Cal. App. 2d 501, 58 Cal. Rptr. 439 (1967); *State v. Brown*, 154 N.J. Super. 511, 381 A.2d 1231 (1977); *Barholt v. Wright*, 45 Ohio St. 177, 12 N.E. 185 (1887), citing *Champer v. The State of Ohio*, 14 Ohio St. 437 (1863).

The defendant next claims that the sentence is void because the city ordinance provides for a fine not to exceed $300 *or* imprisonment not to exceed 30 days. The problem with that contention is that a copy of the ordinance is nowhere to be found in the record. It appears only in defendant's brief. Reference is made to it in the complaint found in the transcript, which recites "ASSAULT 0-30 Days 0-$300 Fine City Ord. 24-23."

The defendant insists that the district court should have taken judicial notice of that ordinance under the authority of *Wells v. State*, 152 Neb. 668, 42 N.W.2d 363 (1950). However,

that case involved an appeal from the municipal court to the district court, which at the time resulted in a trial de novo. Presently, appeals in criminal matters taken from the county court are reviewed only for error appearing on the record made in county court. Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1982).

As stated in *Andrews v. City of Fremont*, 213 Neb. 148, 151-52, 328 N.W.2d 194, 196 (1982), "Courts of general jurisdiction will not take judicial notice of municipal ordinances not present in the record, nor will the Supreme Court." In a review on the record, where the bill of exceptions contains nothing to the contrary, the reviewing court will be limited in its consideration of the particular error alleged to a determination of whether the transcript supports the judgment. *Andrews v. City of Fremont, supra.*

The judgment of the court below was correct and is affirmed.

AFFIRMED.