346 So.2d 289 (1977)
Wesley LEWIS and Rosa Lewis
v.
KEHOE ACADEMY and Kehoe Day Camp and Swimming School, Inc., et al.
No. 8089.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
*291 Charles R. Chesnutt, III, New Orleans, for plaintiffs-appellants.
Perrin C. Butler, New Orleans, for defendants-appellees.
Before LEMMON, BOUTALL and BEER, JJ.
LEMMON, Judge.
The issue in this appeal is whether Wesley and Rosa Lewis, the aunt and uncle of a child of tender age who had resided with them for two years, can recover against the operators of a day camp for their mental suffering and loss of love and affection sustained after the State of Louisiana, upon finding the child in a bruised condition, instituted a neglect proceeding which resulted in their niece's being removed from their voluntary custody.
In their petition the Lewises alleged that they enrolled the child in a day camp; that the child, through defendants' negligence, ingested rat poison which caused a chemical effect on her blood; that when a minor trauma, which ordinarily would not have caused external manifestation, occurred shortly thereafter, the child developed apparent serious bruising; and that the State, upon being informed of the bruises, removed the child from their home (apparently under a neglect proceeding). The petition alleged damages as follows:
"Plaintiffs herein have suffered extreme mental hardship, anguish and humiliation, loneliness and disruption from the loss of the companionship of the child Ann Marie Black and from the action taken against them by the State".
In a supplemental petition they further alleged damages suffered as a result of loss of the child's love and affection.
Defendants filed exceptions of no right of action and no cause of action and motions for summary judgment and judgment on the pleadings, all of which were maintained by the trial judge. Hence this appeal.
The exception of no cause of action raises the issue as to whether the law affords a remedy to anyone for the particular grievance alleged, while the exception of no right of action raises the issue as to whether the particular plaintiff has the right to invoke the remedy. 9 Tul.L.Rev. 17, 29-30 (1934-1935); Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). While the exception of no right of action was also pleaded, we find the exception of no cause of action dispositive of this case.
No evidence may be introduced to support or controvert the exception of no cause of action. C.C.P. art. 931. In ruling on the exception, the court must accept as true all of the facts pleaded in the petition and must determine whether, on these facts assumed to be true, plaintiffs are entitled to the relief sought.
In this case there are numerous facts stated in the briefs filed in both courts which are not asserted in the petition, and it is therefore with some difficulty that we confine our review to the allegations of the petition; however, this is an essential limitation in adjudicating an exception of no cause of action.[1]
*292 The sparsity of asserted facts obscures the identity of the precise legal issue sought to be framed. As we understand the petition, however, the Lewises are claiming that they sustained damages when the State successfully prosecuted a neglect action against the person who legally had custody of the child and who had informally allowed the child to reside with the Lewises.[2] They apparently are seeking reparation for deprivation of the "right" to have the child continue to reside with them. Additionally, the Lewises have asserted that the action instituted by the State (which resulted in this deprivation) would not have occurred except for the combination of two circumstances: (1) the ingestion of rat poison because of defendants' negligence and (2) the happening of minor trauma which caused minor bruises that appeared greatly exaggerated in degree because of the chemical effect of the poison. In other words they postulate that there would have been no bruises except for the poison ingestion and there would have been no judgment of neglect except for the bruises.
The Lewises apparently are not questioning the State's right to remove a neglected child under R.S. 13:1570 from the person legally responsible for the child's care. However, the allegation that the poisoning effectively caused the bruises to be mistaken for abusive treatment is essentially an allegation that the child was not really neglected, and this argument should be (or should have been) raised in the neglect proceeding itself.
Since the judgment of neglect has not been attacked in this suit (if indeed the judgment can be collaterally attacked), it must be assumed for the purpose of this suit that the neglect proceeding was properly instituted and conducted, that all circumstances were properly considered (including the circumstance of the effect of the rat poison), and that the finding of neglect was correct. Under this assumption of validity of the judgment of neglect, the law does not afford a remedy to anyone for deprivation of the right to have the child continue living at its former residence, and it matters not what called the neglected condition of the child to the attention of the State authorities. Accordingly, the Lewises have no cause of action against a person whose negligence was a factor in calling the attention of the State authorities to the neglected condition of the child.
It is not clear what is meant by the allegation that the Lewises have suffered "from the action taken against them by the State". There are no allegations suggesting that any action was instituted against the Lewises personally or that defendants' alleged negligence was related to such an action.[3] Furthermore, if the Lewises arguably can assert a cause of action against anyone for the wrongful bringing of a neglect action, they had to allege (and ultimately prove) that the action was wrongfully brought. Not only was there no such allegation, but the result of that proceeding indicates that it was correctly brought.
Finally, the operators and employees of a day camp have a duty to exercise reasonable care in preventing the young campers from ingesting rat poison. That duty, however, does not encompass the risk that, if the poison causes accentuation of subsequently incurred bruises, the juvenile court will reach the erroneous conclusion that the child was neglected. There simply is no ease of association between the asserted damages and the rule of law on which *293 the duty is based. Hill v. Lundin & Associates, 260 La. 542, 256 So.2d 620 (1972).
The judgment is affirmed.
AFFIRMED.
NOTES
[1] Adjudication of a motion for judgment on the pleadings is similarly limited. C.C.P. art. 965. The summary judgment procedure allows consideration of other evidence, but none was filed in this case.
[2] The judgment in the neglect case was appealed to this court. See State in Interest of Black, La.App., 310 So.2d 174. However, for purposes of the exception of no cause of action, we do not refer to any facts or conclusions stated in our opinion in that case.
[3] Although one brief suggests the Lewises were defamed in connection with the neglect proceeding, the petition does not allege a defamatory communication by any of the defendants, nor does it seek damages resulting from defamation.