350 So.2d 236 (1977)
LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
GRANT PARISH SHERIFF'S DEPARTMENT et al., Defendants-Appellees.
No. 6118.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1977.
Rehearing Denied October 11, 1977.
Writ Refused November 23, 1977.
*237 Bolen, Halcomb & Erwin, by Gregory S. Erwin, Alexandria, for plaintiff-appellant.
Durrett, Hardin, Hunter, Dameron & Fritchie by Dan E. West, Baton Rouge, for defendants-appellees.
Before CULPEPPER, GUIDRY and FORET, JJ.
GUIDRY, Judge.
Liberty Mutual Insurance Company (hereinafter referred to as "Liberty"), the workmen's compensation insurer of the City of Natchitoches Police Department, seeks a judgment holding the defendants, hereinafter named, solidarily liable to it for the full sum of medical payments and compensation paid by it as a result of the death of Morris E. Brossette, a Natchitoches city policeman. Additionally, plaintiff prays that the defendants be ordered to pay the sum of all remaining compensation and benefits due discounted at a rate of 6% per annum. Alternatively, plaintiff prays that the defendants be cast in judgment for one-half of all medical bills and compensation payments expended by it and for one-half of the future compensation payments due, discounted at the rate of 6% per annum.
The allegations of Liberty's petition set forth that Morris E. Brossette, a scuba diver, was loaned by the City of Natchitoches Police Department to the Grant Parish Sheriff's Department for the purpose of searching Nantachie Spillway for the body of a drowned person. Morris E. Brossette drowned while diving in search of the body. Made defendants are the Grant Parish Sheriff's Department, Joe T. Morgan, Sheriff of Grant Parish; Will Fletcher, Chief Deputy Sheriff of Grant Parish; and, Jerry Brevelle, Danny Dison, and Brian Perot, Deputy Sheriffs of the Grant Parish Sheriff's Department. Plaintiff alleges that the named defendants were negligent in that they failed to provide adequate safety and rescue equipment for the diver; failed to properly supervise the diving operation; and, failed to warn the diver of the dangerous water conditions of which they had knowledge. Alternatively plaintiff asserts that Morris Brossette was a borrowed employee of the Grant Parish Sheriff's Department and that he was killed while in the course and scope of a hazardous occupation covered by the Louisiana Workmen's Compensation Act. Before an answer was filed the court granted plaintiff's motion to dismiss Danny Dison and Brian Perot as defendants. The remaining defendants answered generally denying the allegations of the plaintiff's petition, specifically denying that Morris Brossette was either a "borrowed employee" or "borrowed servant". Defendants alternatively pled the contributory negligence of Morris Brossette as a bar to plaintiff's recovery. Thereafter, the defendants filed an exception of no cause of action alleging that the entity sued as the Grant Parish Sheriff's Department, is not a legal entity which can sue or be sued. Further, defendants allege that insofar as plaintiff seeks to assert a cause of action on the theory that the decedent was a "borrowed servant or employee" of the defendants, it is apparent that plaintiff has no cause of action against Will Fletcher and Jerry D. Brevelle since neither individual was or could have been the employer of the decedent. Subsequently plaintiff filed an amending and supplemental petition naming only "Joe T. Morgan, former Sheriff of Grant Parish and L. R. Hataway, present *238 Sheriff of Grant Parish" as defendants.[1] Simultaneously plaintiff presented to the court a motion to dismiss Will Fletcher and Jerry Brevelle as defendants. Following amendment of plaintiff's petition and the filing of the motion to dismiss the exceptions were considered abandoned. After the filing of the amended and supplemental petition the defendant L. R. Hataway, Sheriff of Grant Parish filed a motion for summary judgment seeking the dismissal of plaintiff's action as against him alleging his non-responsibility in workmen's compensation or damages since he was not Sheriff of Grant Parish at the time of the accident. Additionally, the defendant Sheriff Hataway alleged that plaintiff's action against him had prescribed since the accident sued upon occurred on April 16, 1974 and it was not until plaintiff filed its amending and supplemental petition on October 15, 1976 that L. R. Hataway, Sheriff of Grant Parish, was named as defendant. After a hearing on the motion for summary judgment the trial court, without assigning written reasons for judgment, ordered judgment in favor of L. R. Hataway, and the "Office of Sheriff of Grant Parish", and dismissed plaintiff's action insofar as it related to these defendants.[2] Plaintiff appeals from this judgment.
As provided in LSA-C.C.P. Article 966 a motion for summary judgment shall be rendered,
"forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
In this summary judgment proceeding, the facts as recited above were established by the pleadings and the affidavit of Sheriff L. R. Hataway. The stated facts are not disputed.
The sole issue presented herein is whether the present Sheriff of Grant Parish, L. R. Hataway, is entitled to summary judgment dismissing him from the instant suit since on the date of Morris Brossette's accidental death he was neither the Sheriff of Grant Parish, nor had he at any time employed Morris Brossette. Stated another way, the sole question presented is whether L. R. Hataway, the present Sheriff of Grant Parish can be held liable, individually, in his official capacity as Sheriff, for the alleged acts of negligence committed by his predecessor, Joe T. Morgan while in the discharge of his duties as Sheriff or for workmen's compensation benefits due employees of the former Sheriff.
Basically appellant contends that it is the "Office of Sheriff of Grant Parish" who should be held responsible for Morris Brossette's death either ex delicto or in workmen's compensation and that L. R. Hataway, as successor to Joe T. Morgan, is responsible for prior official acts of his predecessor.
We note at the outset that the Sheriff of Grant Parish is a constitutional officer elected by the qualified voters for a term of four years, with certain definite rights, powers and duties. See La.Const. 1974 Art. 5 § 27; Richardson v. Heyd, in and for the Parish of Orleans, 278 So.2d 167 (La.App. 4th Cir. 1973). Clearly, it is the Sheriff, individually, and not the "Parish Sheriff's Department" that is constitutionally designated as the chief law enforcement officer of the Parish. The law of Louisiana affords no legal status to the "Parish Sheriff's Department" wherein said department can sue or be sued, such status being reserved for the Sheriff, individually. The Parish Sheriff's Department is not a *239 body of elected public officials who represent the state, a state agency or a political subdivision thereof, as do the police juries, school boards, and municipalities. Instead the "Parish Sheriff's Department" is a law enforcement agency headed by the Sheriff and comprised of deputy sheriffs all appointed by the elected Sheriff for his term of office. The "Parish Sheriff's Department" is not a legal entity capable of suing and being sued.
It is well settled in the jurisprudence that a Sheriff, individually, and his official surety are liable in damages for wrongful or negligent acts committed while in the discharge of the duties of his office. Gray v. De Bretton, 192 La. 628, 188 So. 722 (1939); Frank v. Pitre, 341 So.2d 1376 (La.App. 3rd Cir. 1977). In Gray v. De Bretton, supra, the court gave the following example, 188 So. at page 726:
"The driving of an automobile is not an official act of a sheriff, unless the driving of the car directly involves the discharge of an official duty, e. q. if the sheriff or a deputy has a car under seizure, and by reason of the negligent driving or handling of the car, it is damaged, the negligence in that case involves an official act. Likewise, it is the duty of the sheriff and his deputy to secure and protect a prisoner in his custody, and if, by the negligent operation of a car, or the careless handling of a pistol, the prisoner is injured, such negligence and carelessness constitutes a violation of an official duty for which the sheriff and the surety on his official bond are liable."
LSA-R.S. 33:1450.1 provides that a Sheriff is authorized to contract for insurance to cover loss or damage from any negligent acts committed by himself or his deputies, while in the performance of the duties of the office. The statute further provides that the premiums for said insurance are to be paid by the Sheriff as an expense of the office out of the Sheriff's Salary Fund.
There is no question but that the Sheriff, individually, is liable for his negligent acts committed while in the performance of his duties. The liability is personal to the Sheriff. This liability is not that of the Sheriff's Department therefore it must necessarily follow that the personal liability of a former Sheriff is not continued or transferred to the successor sheriff. It is clear therefore that L. R. Hataway, who did not become Sheriff of Grant Parish until July 1, 1976, cannot be held individually liable for the alleged negligent acts of his predecessor occurring in April of 1974.
Plaintiff does not seriously argue otherwise and virtually concedes that Sheriff Hataway cannot be held responsible for the alleged delictual acts of his predecessor. Plaintiff contends however, that in matters of workmen's compensation it is not the Sheriff as an individual who is personally responsible but rather it is the constitutional entity, i. e., the "Sheriff of Grant Parish".[3] Plaintiff refers us to no authority in support of this contention and our research has disclosed none.
We have previously demonstrated, on the basis of well settled authority, that the Sheriff, individually, and not the "Parish Sheriff's Department" is liable for wrongful or negligent acts committed by him and/or his deputies in the performance of official duties. Further, we have concluded that a successor Sheriff cannot be held liable for the delictual acts of his predecessor. We fail to see why a different conclusion can or should be reached with regard to a claim in workmen's compensation based upon an alleged contract of employment which was confected and which terminated during the tenure in office of a former Sheriff. It would seem axiomatic that, if it be determined after trial on the merits that Morris Brossette was an "employee" of Sheriff Morgan within the intendment of the Louisiana Workmen's Compensation Act, then it would be the former Sheriff, Joe T. Morgan, Brossette's employer, who would be personally responsible *240 for any benefits due.[4] Any responsibility for workmen's compensation arising out of the hiring of Morris Brossette could not be that of the "Parish Sheriff's Department" for the latter enjoys no legal status. It could not be that of L. R. Hataway because on the date of Brossette's employment and death he was neither the Sheriff of Grant Parish nor was he Mr. Brossette's employer.
For the above and foregoing reasons we conclude that the trial court properly sustained the motion for summary judgment filed by Sheriff L. R. Hataway. This conclusion renders unnecessary our consideration of Sheriff Hataway's allegation that plaintiff's cause of action, as to him, has prescribed.
For the above and foregoing reasons the judgment appealed from is affirmed. All costs of this appeal are to be borne by the plaintiff-appellant.
AFFIRMED.
NOTES
[1] L. R. Hataway replaced Joe T. Morgan as Sheriff of Grant Parish and was sworn in on July 1, 1976. The accident complained of herein occurred on April 16, 1974. The original petition in this matter was filed on March 27, 1975.

"Grant Parish Sheriff's Department", Will Fletcher, Jerry Brevelle, Danny Dison and Brian Perot were specifically deleted as named defendants in the amending petition.
[2] The judgment of the trial court which dismisses this action as to the alleged entity "Office of Sheriff of Grant Parish" is superfluous as this alleged entity is not made a party defendant in this proceeding.
[3] Plaintiff concedes that a Sheriff is not liable for workmen's compensation benefits to his deputies. Plaintiff contends however, that Morris Brossette was a borrowed servant of the Sheriff of Grant Parish, who was not deputized.
[4] We do not purport to decide the question as to whether a Sheriff has authority to employ an individual who does not enjoy the status of "deputy sheriff". LSA-R.S. 33:1433.