364 So.2d 1338 (1978)
Luke L. BOYER et al.
v.
John O. ST. AMANT, Sheriff, Parish of St. Charles.
No. 9533.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Writ Refused December 8, 1978.
Garland R. Rolling, Metairie, for plaintiffs-appellants.
Steven F. Griffith, Sr., Destrehan, for defendant-appellee.
Before REDMANN, BOUTALL, and GARRISON, JJ.
GARRISON, Judge.
This suit arose out of plaintiff's alleged wrongful discharge from his employment as a deputy sheriff in St. Charles Parish. Plaintiff filed suit on June 29, 1977 against John O. St. Amant, Sheriff of St. Charles Parish, for wrongful discharge in violation of R.S. 23:961. The petition alleged that *1339 plaintiff's employment had been terminated solely because of his failure to support Sheriff St. Amant's candidacy for election.
After lengthy pretrial litigation, which has no relevance here, defendant filed exceptions of no cause and no right of action. These exceptions were maintained by the trial court, and plaintiff's suit was thereby dismissed. Plaintiff has lodged this appeal to challenge this dismissal.
The primary question presented here is whether or not plaintiff's petition states a cause of action for which relief may be granted. In order to grant an exception of no cause of action, all allegations contained in plaintiff's petition must be considered as true, and accepting them as true, the petition must fail to state a cause of action C.C.P. Art. 931: Lewis v. Kehoe Academy, 346 So.2d 289 (La.App. 4th Cir. 1977). Thus, we must look carefully at the allegations made here.
According to plaintiff, the facts were as follows: Plaintiff was originally hired as a deputy sheriff for St. Charles Parish in 1970 by defendant, John St. Amant, who was then sheriff of St. Charles Parish. Defendant was defeated for reelection in 1971, but plaintiff continued to work as a deputy sheriff for the sheriff, Julius Sellers. In 1975, defendant St. Amant once again ran for sheriff and was elected, defeating Albert Laque, whom plaintiff had supported. In February 1976, plaintiff was notified by letter from defendant, that:
"[e]ffective immediately upon the date that I assume my elected position as Sheriff of St. Charles Parish, your services with the Sheriff's Department will be terminated." Letter from John O. St. Amant, Record, p. 5.
These factual allegations are not disputed by defendant, however defendant does not admit to the additional contention of plaintiff as to the main reason he was fired. Plaintiff contends that defendant's action terminating his employment was part of a systematic political purge of all those who failed to support his candidacy. Thus, plaintiff alleges that he was fired solely for his political activities and affiliations, in violation of R.S. 23:961, which provides:
"Except as otherwise provided in R.S. 23:962, no employer having regularly in his employ twenty or more employees shall make, adopt, or enforce any rule, regulation, or policy forbidding or preventing any of his employees from engaging or participating in politics, or from becoming a candidate for public office. No such employer shall adopt or enforce any rule, regulation, or policy which will control, direct, or tend to control or direct the political activities or affiliations of his employees, nor coerce or influence, or attempt to coerce or influence any of his employees by means of threats of discharge or of loss of employment in case such employees should support or become affiliated with any particular political faction or organization, or participate in political activities of any nature or character.
Any individual person violating the provisions of this Section shall be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned for not more than six months, or both; and any firm, corporation or association violating the provisions of this Section shall be fined not less than five hundred dollars nor more than two thousand dollars.
Nothing herein contained shall in any way be construed to prevent the injured employee from recovering damages from the employer as a result of suffering caused by the employer's violations of this Section."
Inasmuch as R.S. 23:961 specifically regulates employer and employees, it is necessary to examine the relationships between a sheriff and his deputies, and determine whether an employer/employee relationship exists.
The trial judge, in his written reasons for judgment maintaining the exceptions, found that a sheriff is not the employer of a deputy sheriff. He thus concluded that the provisions of R.S. 23:961 were not applicable. We concur.
*1340 Article 5, Section 27 of the 1974 Constitution creates the position of sheriff to be elected for a four year term in each parish. R.S. 33:1433(A) authorizes each sheriff to "appoint as many deputies as necessary, but not more than authorized by law." A deputy sheriff possesses "all of the powers and authority granted by law to the sheriff, and may perform any of the duties and exercise any of the functions of the sheriff." C.C.P. Art. 331. A deputy, as well as a sheriff, is a "public officer within the definition of R.S. 42:1, and consequently with regard to power and authority to enforce the law, there is no difference between them. Thus, the State may be considered the deputy's employer. Foster v. Hampton, 352 So.2d 197 (La.1977). See also State v. Mayeux, 228 La. 6, 81 So.2d 426 (1955).
As an appointed public officer, a deputy sheriff has no statutorily prescribed term of office, but merely serves at the pleasure of the sheriff. Potts v. Morehouse Parish School Board, 177 La. 1103, 150 So. 290 (1933). It has long been established that
"As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
"Public officer" is any person holding a public office in this state." R.S. 42:1.
". . . where the term of the office is not fixed by law, the power to remove is an incident to the power to appoint." Garnier v. Louisiana Milk Commission, 200 La. 594, 8 So.2d 611, 614 (1942).
Similarly, there are numerous authorities to the effect that appointment to a public office is not a contract, and consequently there is no vested right created by an appointment. Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925), and cases cited therein. The term, if it may be designated as such, of a deputy is tied to that of the sheriff, and even if the sheriff is reelected, deputies must be reappointed and recommissioned at the beginning of each new term. Liberty Mutual Insurance Co. v. Grant Parish, 350 So.2d 236 (3rd Cir. 1977), writ refused Nov. 23, 1977; Kyles v. Calcasieu Parish Sheriff's Department, 395 F.Supp. 1307, (W.D.La.1975).
Appellant argues that regardless of how one characterizes the relationship between a sheriff and his deputies, whether as employer-employee or otherwise, a deputy's employment is dependent upon the sheriff, and therefore there exists the opportunity for the abuses which R.S. 23:961 prohibits. Thus, appellant urges that sheriffs should be subject to the provisions of that statute. That the abuses discussed in R.S. 23:961 may exist in the appointment of, or failure to reappoint, deputy sheriffs, however, does not necessarily dictate that such conduct is wrong or prohibited.
A federal case, Kyles v. Calcasieu Parish Sheriff's Department, 395 F.Supp. 1307 (W.D.La.1975), appears to be the most relevant jurisprudence on this point. In that case, plaintiff, a former deputy, filed suit against the Calcasieu Parish Sheriff's Department, for alleged discrimination in employment, in violation of 42 U.S.C. § 1981 and the Fourteenth Amendment. Although not precisely the same, the complaint is similar to the one presented here.
The court in Kyles spent a great deal of time defining the relationship between a sheriff and his deputies, and firmly concluded that a sheriff is not the employer of his deputies.
"Plaintiff was not under a contract of employment. There is no evidence of a written contract. Neither is there any evidence of the elements which might give rise to a quasi contract. As noted above, the deputy's commission expires with the sheriff's term of office. Thus, at the very most, plaintiff could have an expectation of continuing his service only until the sheriff's current term expires.
. . . . .
"From the foregoing it is clear that under the applicable Louisiana law and the facts of this case, plaintiff was not an `employee' of the Calcasieu Parish Sheriff's *1341 Office. The relationship is much more personal; it is an appointor-appointee relationship. There is no such person as a career deputy because the deputy is appointed to fill a term of four years or less to coincide with the term of the appointing sheriff. He has and can earn no right to or prospect of promotion or reappointment. He is not subject to civil service. No contractual rights are involved. The deputy is not an employee but is, rather, an appointee." 395 F.Supp. at 1309, 1310.
The court further noted the essential political nature of the appointment of deputies, and that sheriffs are not found to follow any objective criteria for selection of deputies. This exists in all political appointments not covered by Civil Service, and is to be anticipated. It quoted with approval from Wilson v. Kelley, 294 F.Supp. 1005 (N.D.Ga.1968). footnote 6,
"In the elective-appointive area, however, the process is entirely political. Each elected official must rise and fall on his performance and that of his appointed assistants. The courts would not presume to tell the President, or Governor, a Senator or Congressman that there are limitations on his cabinet or staff appointments. Similarly, other elected officials (such as the Sheriffs here) have freedom to choose such subordinates. The growing number of Negro appointees in Georgia is proof that such lack of discrimination is politically sage. Nevertheless, the power of an elected official to appoint freely appears inviolate, and the risk is his own choice.
Thus, pending further Congressional action or clarification by the courts logic would dictate that the Fourteenth Amendment right to public employment is hybrid, existing in the civil servicecompetitive-merit area and not existing in the elective-appointive area." 395 F.Supp. at 1310.
We are faced with the same situation. In the absence of an employer/employee relationship, R.S. 23:961 cannot be applicable. Furthermore, because plaintiff was not fired, but rather not reappointed, there can be no cause of action for wrongful discharge. Without any contractual rights in his employment, a deputy, or other political appointee, has no right to expect nor basis for expecting continued employment.
For these reasons, we find that the trial court's dismissal of plaintiff's suit for failure to state a cause of action was correct. In light of this finding no ruling on the exception of no right of action is necessary.
For the reasons assigned, the judgment appealed from is affirmed, costs of this appeal to be borne by appellant.
AFFIRMED.