GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing plaintiffs’ suit on exceptions of no cause of action. From that judgment, which we reverse, plaintiffs have appealed.
On August 7,1979 plaintiffs filed suit for false arrest against the following defendants named in the caption:
“St. Charles Parish Sheriff’s Office, through John 0. St. Amant, Sheriff.
Jefferson Parish Sheriff's Office, through Andrew George, Sheriff.
Officer Richard Roe and Officer John Doe.”
The petitioner additionally provided the following service instructions:
“St. Charles Parish Sheriff’s Office through John 0. St. Amant, Sheriff Hahnville, Louisiana, 70057
Jefferson Parish Sheriff’s Office through Andrew George, Sheriff New Gretna Courthouse, Gretna, Louisiana 70053.”
The Jefferson Parish Sheriff’s Office filed an exception of no cause of action on September 7, 1979. The St. Charles Parish Sheriff’s Office filed exceptions of no cause of action and no right of action on September 18,1979. On September 28,1979, plaintiff filed a Supplemental and Amending Petition, the amendment reading as follows:
“That John 0. St. Amant, individually and as Sheriff for the Parish of St. Charles, State of Louisiana, a person of the full age of majority and domiciled in the Parish of St. Charles, State of Louisiana, Alwynn Cronvich, individually and as former Sheriff for the Parish of Jefferson, State of Louisiana, a person of the full age of majority and domiciled in the Parish of Jefferson, Officer Richard Roe and Officer John Doe, all made defendants herein, are liable jointly and in soli-do, unto plaintiff, . .”
Plaintiffs also provided the following additional service instructions:

“PLEASE SERVE ORIGINAL PETITION AND FIRST SUPPLEMENTAL AMENDING PETITION PERSONALLY ONLY ON:

ALWYNN J. CRONVICH
3029 Edenborn Avenue
Metairie, Louisiana 70002
PLEASE SERVE FIRST SUPPLEMENTAL AND AMENDING PETITION ON: ANDREW GEORGE
through his Counsel of Record
A. W. WAMBSGANS
3714 Airline Highway
Metairie, Louisiana 70001
JOHN O. ST. AMANT
through his Counsel of Record
RICHARD L. EDRINGTON
Carville & Edrington
LaPlace Professional Center
LaPlace, Louisiana 70068.”
At this point, no answers had been filed by either Sheriff’s office. In fact, no answers were ever filed.
On October 15, 1979, the trial judge dismissed plaintiffs’ case by granting the ex *578 ceptions of no cause oí action. In his written reasons for judgment, he said:
“This Court in reviewing the record finds the plaintiffs have brought this suit against the Sheriff’s Offices and not the Sheriffs of St. Charles or Jefferson.
Article 5, Section 27 of the La. Constitution of 1974 provides and establishes the office of Sheriff. As such, the ‘Office of Sheriff’ is not a legal entity capable of suing and being sued. (Liberty Mutual Ins. Co. v. Grant Parish Sheriff Department, 350 So.2d 236.)
It is well settled that the Sheriff, individually and not the Parish Sheriff’s Department is liable for wrongful or negligent acts committed by him and/or his deputies in the performance of official duties.”
In so ruling, the trial court not only dismissed all defendants but failed to consider the amended petition.
Any defect which may have been found in the petition may have been rectified by the filing of the supplemental petition. However, it is not necessary for us to consider the merits of the exception since the trial court was in error when it failed to consider the amended petition and dismissed all defendants. Accordingly the matter is remanded for proceedings not inconsistent with this opinion.

REMANDED.