Dear Mr. Rives:
In response to your letter of recent date, note that the legislature has removed the statutory residency requirement for deputy sheriffs. R.S. 33:1432.1(A)(1) formerly provided, in pertinent part:
 § 1432.1. Deputy Sheriffs; qualifications for employment
 A. All the applicants for the office of deputy sheriff except auxiliary and reserve deputy sheriffs, process servers, deputized unpaid volunteer litter-watch agents, bailiffs, and keepers of property shall meet the following qualifications:
 1. Have attained the age of eighteen and reside in the parish where commissioned. (Emphasis added).
In Act 106 of the 1999 Regular Legislative Session, the residency requirement was deleted. Act 106 pertinently provides:
 An Act to amend and reenact R.S. 33:1432.1(A)(1), relative to the qualifications of deputy sheriffs for employment; to delete the residency requirement for deputy sheriffs; and to provide for related matters.
 Be it enacted by the Legislature of Louisiana:
 Section 1. R.S. 33:1432.1(A)(1) is hereby amended and reenacted to read as follows:
 § 1432.1 Deputy sheriffs; qualifications for employment
 A. All the applicants for the office of deputy sheriff except auxiliary and reserve deputy sheriffs, process servers, deputized unpaid volunteer litter-watch agents, bailiffs, and keepers of property shall meet the following qualifications:
 (1) Have attained the age of eighteen.
The parish residency requirement having now been deleted by the legislature, the remaining question is whether the Sheriff may administer a policy which nonetheless imposes a residency requirement upon his deputy sheriffs. Our response is that he may in fact impose such a requirement, for the following reasons.
R.S. 33:1433(A) authorizes each sheriff to "appoint as many deputies as necessary, but not more than authorized by law." As an appointed public officer, the deputy sheriff has no statutorily prescribed term of office, but merely serves at the pleasure of the sheriff. Boyer vs. St. Amant, 364 So.2d 1338
(La.App. 4th Cir. 1978).
The Boyer case stands for the proposition that the relationship of a sheriff to his deputy is not that of employer/employee, but rather "the relationship is much more personal". See Boyer, supra, at page 1340, citing with approval the case of Kyles vs. Calcasieu Parish Sheriff's Department,395 F. Supp. 1307 (W.D. La. 1975). The court in Boyer found theKyles case instructive, stating that "the court [in Kyles] further noted the essential political nature of the appointment of deputies, and that sheriffs are not found to follow any objective criteria for the selection of deputies." See Boyer at page 1340.
The court in Boyer also found instructive the reasoning of the federal court in Wilson vs. Kelley, 294 F. Supp. 1005
(N.D. Ga. 1968), and relied upon the reasoning of the court as follows:
 In the elective-appointive area, however, the process is entirely political. Each elected official must rise and fall on his performance and that of his appointed assistants. The courts would not presume to tell the President, or Governor, a Senator or Congressman that there are limitations on his cabinet or staff appointments. Similarly, other elected officials such as the Sheriffs here have freedom to choose such subordinates. See Boyer, citing Wilson, at page 1340.
Finally, note that the United States Supreme Court has held that the imposition of a residency requirement on public employees is a constitutional and proper governmental purpose. See McCarthy vs. Philadelphia Civil Service Commission,424 U.S. 645 (1976).
We trust the foregoing sufficiently answers your questions. Please contact this office when we may again provide assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams