Dear Mr. Turner:
We have received your request on behalf of the Louisiana Sheriffs' Association for an opinion interpreting La.R.S. 43:31 as it may pertain to the placement of the Sheriffs' names on publically owned motor vehicles and other equipment used in the conduct of the official duties of the Sheriff and his deputies. You indicate that the Legislative Auditor's Office has questioned the practice of several Sheriffs who have placed insignia which include their names on their patrol units and other equipment.
R.S. 43:31 (E) reads as follows:
 No public official of any branch, department, agency, or other entity of state or local government shall affix his or her name or picture on drivers' licenses, except their own personal driver's license, issued by the state, or any publicly owned motor vehicle, nor shall any such official cause his name or picture to be so affixed.
You have indicated that the Legislative Auditor's Office has taken the position that this statute prohibits a Sheriff from placing decals containing his name on motor vehicles and other equipment used by the Sheriffs and their deputies in the various parishes in the state of Louisiana. You contend that the Sheriff, as a constitutional officer, although a public official, is himself a public entity and is not an official "of" a public entity and, therefore, R.S. 43:31 does not apply to the Sheriffs. In addition, you contend that even if the Sheriffs are considered public officials of a separate public entity, the correct name, or title, of the entity is the Sheriffs name as "Sheriff" of their parish, and, as a consequence, the Sheriff's name should appear on decals used to identify the entity owning the vehicles and equipment. *Page 2 
It has long been recognized that there is no such legal entity as a "Parish Sheriffs Office." There is no such legal entity called a "Parish Sheriff's Office." See Liberty Mutual Insurance Company v. Grant ParishSheriff's Department, 350 So.2d 236 (3rd Cir. 1977). In that case, the 3rd Circuit held that it is the Sheriff, individually, and not a "Parish Sheriff's Department" that is constitutionally designated as the chief law enforcement officer for the parish. The Court further stated that Louisiana Law "affords no legal status to the `Parish Sheriff's Department' wherein said department can sue or be sued, such status being reserved for the Sheriff, individually." Liberty Mutual, 350 So.2d at 239. This reasoning has been followed in several courts of appeal and has been recognized as valid by the Louisiana Supreme Court. The Supreme Court wrote that "[i]t is well settled in the lower courts that a Sheriff's department is not a legal entity capable of being sued." Valentine v.Bonneville Insurance Company, 96-1382,691 So.2d 665, 668 (La. 3/17/1997) (emphasis added); citing Ferguson v. Stephens, 623 So. 2d 711 (La.App. 4th Cir. 1993); Garner v. Avoyelles Parish Sheriffs Department, 511 So.2d date (La.App. 3rd 1987); and Jenkins v. Jefferson Parish Sheriff'sOffice, 385 So. 2d 578 (4th Cir. 1980), affirmed impart, reversed impart on other grounds, 402 So.2d 669 (La. 1981). Therefore, the Sheriff as Sheriff is the entity capable of suing and being sued and the correct designation of that entity is "(Name of Sheriff)", Sheriff, Parish of" (Name of Parish)".
It is also recognized that a Sheriff is a constitutional officer and does not have perpetual existence as do other public entities, such as municipalities, state agencies, departments, boards, etc. Commissions issued by the Sheriff to his deputies expire at the end of the Sheriff's term of office. See Boyer v. St. Amant. 364 So.2d 1338, 1340 (La.App. 4th Cir. 1978), writ denied. 365 So. 2d 1108 (La. 1978); Kyles v.Calcasieu Parish Sheriff's Department. 395 F. Supp. 1307, 1309-1310
(WD La. 1975). Thus, ". . . even if the Sheriff is re-elected, deputies must be reappointed and recommissioned at the beginning of each new term." Boyer. 364 So. 2d at 1340. A Sheriffs limited existence is also recognized in the doctrine which provides that contracts entered into by a Sheriff are not binding on his successor in office because a Sheriff may not contract beyond his term of office. See Asadie v. Hebert,15 So. 2d 392 (Orleans 1943); La Atty. Gen. Op. 829A. Because of this principle, La.R.S. 33:9001, et seq., was enacted to create a public entity known as the "Law Enforcement District" for each parish, separate from the Sheriff, which has perpetual existence and which is therefore capable of entering into obligations exceeding the term of a Sheriff. In short, the Sheriff, although a public official, is himself the entity and his name "as Sheriff" of his parish, is the correct name and designation of his office.
We are of the opinion that the Sheriff, as a public official and independent constitutional officer of limited duration, is not a public official of a public entity or branch of state or local government as contemplated in La.R.S. 43:31. He/she is the entity. Moreover, for the reasons and authorities cited, the correct name of *Page 3 
that entity would be the Sheriffs name as Sheriff of his or her parish. Therefore, we conclude that a Sheriff may include his or her name on the official insignia of his office and may affix or attached said insignia to the motor vehicles and other equipment that are utilized by the Sheriff and his deputies in the course of official duties without violating La.R.S. 43:31.
We hope that the foregoing is helpful to you. If we may be of further assistance, please contact this office.
 Very truly yours
 BY:__________________________ JAMES D. "BUDDY" CALWELL ATTORNEY GENERAL
JDC:ls