Dear Mr. Provosty:
You have asked our office to provide an opinion regarding issues relating to members serving on the Board of Commissioners for the Alexandria Regional Port ("Board").
Your first question concerns the term of certain members of the Board. More specifically, you note that the legislation fixes the terms of some members, but is silent as to other members. The relevant statute is La.R.S. 34:335.2, Subsection A providing for membership of the Board and Subsection B providing for terms of service:
A. The port shall be governed by a board of commissioners composed of eight members, who shall serve without compensation and who shall be appointed for terms as follows:
(1) Five of the commissioners shall be appointed by the mayor of the city of Alexandria and confirmed by the Alexandria City Council. Each commissioner shall be a citizen of the United States, a qualified voter of the state of Louisiana, and a resident of the city of Alexandria.
(2) Three of the commissioners shall be appointed as follows:
(a) One commissioner appointed at large by the parish governing authority of Rapides Parish.
(b) One commissioner appointed at large by the parish governing authority of Grant Parish.
(c) One commissioner appointed at large by the parish governing authority of Avoyelles Parish. *Page 2 
B. One of the commissioners initially appointed by the mayor shall serve an initial term of one year. Two of the commissioners initially appointed by the mayor shall serve an initial term of two years. Two of the commissioners initially appointed by the mayor shall serve an initial term of three years. Thereafter, the successors to each of the commissioners appointed by the mayor shall be appointed for terms of four years. The commissioners representing the Red River Waterway Commission shall serve terms concurrent with their terms on that commission.
The Alexandria Port Authority was created by Act No. 440 of the 1987 Regular Session.[1] In this legislation, the Board was composed of eight members: five appointed by the mayor of the City of Alexandria and the remaining three commissioners were filled by individuals appointed to the Red River Waterway Commission representing Rapides, Grant and Avoyelles parishes. The term of service for each commissioner was addressed by La.R.S. 34:335.2(B).
La.R.S. 34:335.2(A)(2) was amended by Act No. 481 of the 1990 Regular Session, eliminating the membership belonging to the three appointees to the Red River Waterway Commission representing Rapides, Grant and Avoyelles parishes. Instead, the parish governing authority for Rapides Parish appoints a commissioner at-large; the parish governing authority for Grant Parish appoints a commissioner at-large; and the parish governing authority of Avoyelles Parish appoints a commissioner at-large. However, when La.R.S. 34:335.2(A)(2) was amended to eliminate the appointees to the Red River Waterway Commission, the reference to the terms of those commissioners in La.R.S. 34:335.2(B) was not addressed.
Thus, you have asked our office to address what the term of membership is for the members appointed by the governing authorities of the three parishes, such term which is not specified by La.R.S. 34:335.2(B). Your letter indicates that, subsequent to the 1990 amendment, the three Red River Waterway Commissioners resigned and were replaced by commissioners appointed from each of the three parishes listed in La.R.S. 34:335.2(A)(2). One of the commissioners has served since appointment in 1990, and the other two have served since appointment in 2002.
Appointed officers with no term prescribed by statute serve at the pleasure of the appointing authority. See Potts v. MorehouseParish School Board, 150 So. 290 (La. *Page 3 
1933) and Boyer v. St. Amant,364 So.2d 1338 (La.App. 4 Cir. 1978); La. Atty. Gen. Op. Nos. 80-348, 87-205 and 99-392.[2]
You have also asked our office to address the resignation of certain commissioners, and how the Board should operate when the vacancies have not yet been filled. Your letter indicates that four of the commissioners appointed by the City of Alexandria resigned in June of 2008. Two of the commissioners have continued to perform duties as commissioners. The other two commissioners have not attended any Board meetings, nor have they performed any official duties since resigning. The term of office for the fifth City of Alexandria appointee expired on May 1, 2010. The City of Alexandria has not filled any of the five vacancies.
As to the member whose term has expired, the mayor of the City of Alexandria must appoint a new member to serve, who must be confirmed by the Alexandria City Council, consistent with La.R.S. 34:335.2(A)(1). With respect to the commissioners who resigned, La.R.S. 34:335.2(C) provides that when a commissioner ceases service as a commissioner for any reason, "his successor shall be appointed in the same manner as the original appointment and shall serve for the remainder of the unexpired term." The clear language of La.R.S. 34:335.2(A)(1) states that commissioners shall be appointed by the mayor of the City of Alexandria and confirmed by the Alexandria City Council. The word "shall" is interpreted as a mandatory directive. La.R.S. 1:3.[3] Therefore, consistent with La.R.S. 34:335.2(A)(1), the mayor for the City of Alexandria must appoint successors to serve the remainder of those terms, such individuals who must then be confirmed by the Alexandria City Council.
However, until such time as the new commissioners are appointed by the mayor and confirmed by the city council, all five commissioners who served the Board pursuant to La.R.S. 34:335.2(A)(1) continue to serve pursuant to La.Const. art. XIV, § 15 and La.R.S. 42:2.[4]
This is true for the commissioner whose term expired and the four *Page 4 
commissioners who resigned. See La. Atty. Gen. Op. Nos. 89-44, 91-635 and 95-107 (public officer continues to serve despite term expiration) and 77-1666, 93-650 and 00-466 (public officer continues to serve despite resignation). See also State v. Hargis,154 So. 628, 629 (La. 1934), "[i]n order to accomplish the purpose of the constitutional provision and to prevent a hiatus in governmental operations, an officer comprehended within its terms whose resignation is tendered and accepted necessarily continues in office until his successor is inducted into office."
In conclusion, the commissioners serving the Board pursuant to La.R.S. 34:335.2(A)(2) serve at the pleasure of the appointing authority. Until new commissioners are appointed pursuant to La.R.S. 34:335.2(A)(1), the members who served as commissioners prior to resignation or term expiration continue to serve pursuant to La.Const. art. XIV, § 15 and La.R.S. 42:2.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] Act No. 770 of the 1992 Regular Session changed the name of the Alexandria Port Authority to the Alexandria Regional Port.
[2] Life tenure of public officials is generally not favored, "[s]uch tenure is never created by mere implication, but only by clear and unequivocal declaration. A statute will not be construed as providing a life tenure for public officers unless the intention of the legislature is so evident as to permit no doubt." 67 C.J.S. Officers § 92.
[3] Please note that, with respect to the gubernatorial power to appoint, a court has declined to interpret "shall" as a mandatory directive. Murrill v. Edwards,613 So.2d 185 (La.App. 1 Cir. 1992), writ denied,614 So.2d 65 (La. 1993). This interpretation was made with respect to the appointment powers of the governor found in the Louisiana Constitution, and the court stated that this interpretation should not be extended to appointment powers designated to a mayor by statute, "it is inappropriate to compare the amount of discretion exercised by a mayor acting pursuant to a home rule charter or act of the legislature authorizing municipal government and the governor of the state acting under authority reserved to him in the constitution." Id. at 194.
[4] La.Const. art. XIV, § 15 provides that, "[a] person holding an office by appointment shall continue to exercise his powers and duties until his office is abolished, his term ends, or he is removed or replaced under the provisions of this constitution or by law" and La.R.S. 42:2 provides that, "[e]very public officer in this state except in case of impeachment, suspension, or meeting the term limitations set forth in R.S. 42:3.2, shall continue to discharge the duties of his office until his successor is inducted into office."