PONDER, Justice.
 

 The defendant was charged, in an indictment with the violation of LSA-R.S. 18:377 in that he did go to, and remain at, and exercise authority, and attempted to exercise authority, at a polling place and in. the immediate vicinity of a polling place in Avoyelles Parish, to-wit: Precinct 2, Ward 2, Monda, Louisiana, during the Democratic Primary Election held on July 27, 1954, he being a person having power and authority to make arrests and carry arms and being a duly qualified deputy sheriff of the Parish of Avoyelles, Louisiana, etc. The defendant moved to quash the indictment on the grounds that it was not alleged in the indictment that he was employed by the state or any of its political subdivisions and that the defendant was not in truth and fact a qualified deputy sheriff. The motion to quash the indictment was overruled and the defendant was tried, and convicted. The defendant moved for a new trial and interposed a motion in arrest of judgment. The motion for a new trial was based principally on the ground that there was a lack of evidence to show that the defendant was a qualified deputy sheriff. The motion in arrest of judgment was based on the ground that the indictment was fatally defective in failing to allege that the defendant was in the employ of the state. Both of these motions were denied and the defendant was sentenced to pay a fine of $50 and serve six months-in jail. The defendant applied to this court for writs which were granted. The matter is now submitted for our determination.
 

 From our examination of the record, we find that the defendant, by proper bills of exception reserved to the rulings of the court on the motion to quash, the motion for a new trial and the motion in arrest of judgment, has raised two issues, viz.: the
 
 *9
 
 sufficiency of the indictment, and the status of the defendant to act as a deputy sheriff.
 

 It is provided in LSA-R.S. 18:377 that “no person employed by the state or any of its political subdivisions, boards, or commissions, who has power and authority to make arrests or carry arms or who performs the duties and functions usually performed by police officers shall go to or remain at or be stationed at or exercise or- attempt to exercise any authority at a polling place or in the immediate vicinity of a polling place in any primary * * *.” This provision of the LSA-Revised Statutes is capitioned “State peace officers or employees; presence at polling places prohibited; penalty”.
 

 A deputy sheriff is a state officer created by the Legislature and his appointment is provided for in LSA-R.S. 33:1433. Williams v. Guerre, 182 La. 745, 162 So. 609, and the authorities cited therein. When a statute creating an offense sets out the facts constituting it, it is sufficient to charge the offense in the language of the statute, however the use of the identical words used in the statute is not sacramental if words are used that will unequivocally convey the meaning of the statute so that the defendant cannot be misled. The test is: Was the defendant fully informed of the crime with which he was charged? This principle of law is so well embedded in our jurisprudence that it is not necessary to cite the many authorities supporting it. Since the indictment alleges that the defendant was a duly qualified deputy sheriff, it is sufficient and it was unnecessary to allege that he was a state officer or employed by the state.
 

 The defendant contends that it was incumbent upon the state to prove that the defendant had taken an oath of office and given bond as required by LSA-R.S. 33:1433. The sheriff testified that he appointed the defendant six or seven years ago as a deputy sheriff and that in the commission he gave the defendant he was authorized and empowered to fulfill all the duties of the office of deputy sheriff. The evidence shows that the defendant never took the oath of office or filed a bond as required by law. It appears that the defendant acted as a deputy sheriff at a clubhouse and that he received no compensation from the sheriff. The sheriff testified that the defendant made arrests on occasions under the authority given him. It appears that the defendant was paid by this private club to maintain the peace. The defendant held himself out as a deputy sheriff and acted in that capacity. If in fact he could not be held to be, a qualified deputy sheriff, he was at least a de facto officer and cannot take advantage of his own want of title. In the case of State v. Hargis, 179 La. 623, 154 So. 628, a de facto officer is defined as a person who exercises the duty of an office under color of a known valid appointment or election, but who failed to conform to some precedent, requirement, or condition, as to take an oath, give bond, or the like. See also 67 C.J.S., Verbo Officers, § 146, page 447. It is stated in State v. Breedlove, 199 La. 965,
 
 *11
 

 993,
 
 7 So.2d 221, 230 that “the jurisprudence of this State is well-established that t,he.acts of an officer de facto, so far as they affect the public, should be recognized as. valid.” See also State v. Gray, 192 La. 1081, 190 So. 224; Marrs Criminal Jurisprudence, page 601, paragraph 396.
 

 The defendant cannot justify his acts on the grounds that he was a de facto officer, the rule cannot be invoked for his advantage. See 67 C.J.S., Verbo Officers, § 146, page 447, (cited supra) and the cases cited therein. A de facto officer is estopped from taking advantage of his own want of title. Throop on Public Officers, Section 649, Mechem’s Public Offices and Officers, Section 331, 43 American Jurisprudence Verbo Public Officers, page 243, paragraph 495 and the cases cited therein. See also annotation 115 A.L.R. 1263 and State of Washington v. London, 194 Wash. 458, 78 P.2d 548, 115 A.L.R. 1255.
 

 In the case of People v. McCann, 247 Ill. 130, 93 N.E. 100, 20 Ann.Cas. 496, 64 A.L.R. 536, the defendant was indicted for bribery as a police inspector and the indictment charged that he was an inspector of police legally appointed, confirmed, and qualified. Defendant filed a motion to quash based principally on the contention that he had not been legally appointed and was not an officer within the statutes and ordinances of the state. The court, in denying the motion to quash, held that as between the defendant and third parties he was a de facto officer, having assumed the duties and discharged the power and function of the office, and he could not be permitted to deny his responsibility, while so acting, on the ground that he was not legally appointed or elected to that office.
 

 In People v. Cradlebaugh, 24 Cal.App. 489, 141 P. 943, 64 A.L.R. 537, a conviction for assault by a person who had been appointed deputy sheriff was sustained on the ground that he was a de facto officer, notwithstanding he had failed to file his appointment with the county clerk, as required by law, the court holding that the defendant was openly and notoriously assuming to perform the duties of the office. And in Diggs v. State, 49 Ala. 311, the court very aptly stated: “When he (a de facto officer) is called to answer for malfeasance, he cannot be permitted to assail the validity of his appointment; he is estopped from- abnegating his official capacity.”
 

 The purpose of this statute, LSA-R.S. 18:377, is to prevent peace officers having the authority to make arrests and carry arms from being stationed at or exercising authority at polling places and a person who holds himself out to be such at polling places cannot be permitted to take advantage of his want of title and thereby defeat the purpose of this statute. His acts have the same effect as one fully qualified insofar as the evils sought to be prevented are concerned.
 

 For the reasons assigned, the- writs -are recalled and the conviction and sentence are affirmed.-