86 So.2d 186

**STATE of Louisiana**

v.

**Gaston MARCOTTE.**

No. 42553.

Jan. 16, 1956.

Rehearing Denied Feb. 20, 1956.

Earl Edwards, Marksville, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Charles A. Riddle, Jr., Dist. Atty., Marksville, for appellee.

McCALEB, Justice.

The criminal charges in this case arose out of an altercation occurring at a polling place in Avoyelles Parish between appellant, a constable of said Parish, and Judge Francis J. Gremillion, the prosecuting witness, who was a candidate for the office of District Judge during the Democratic Primary Election held on July 27, 1954. It appears from the record that the prosecuting witness, while visiting the polls, encountered appellant and remonstrated with him for remaining at or near the polling place. A scuffle ensued in which Judge Gremillion suffered two or three broken ribs while being forcibly ejected from the polling place by appellant. Thereafter, he filed an affidavit against appellant and, on February 14, 1955, the Avoyelles Parish Grand Jury indicted him on three counts for (1) assault, (2) simple battery, and (3) violation of R.S. 18:377, which makes it an offense for any person employed by the State or any

of its political subdivisions, who has authority to make arrests and carry arms, or who performs duties and functions usually performed by police officers, to remain or be stationed at or attempt to exercise any authority at a polling place in any primary election.

The case did not come up for trial until after Judge Gremillion took office. He recused himself and Judge Walter M. Hunter of the Ninth Judicial District Court was called to preside in the case. Following a trial, appellant was found guilty of committing a battery and of violating R.S. 18:-377. He was sentenced to serve one year in the parish jail on Count No. 2 (the battery charge) and, on Count No. 3 (violating R.S. 18:377), to pay a fine of $250 and costs and to serve six months in the parish jail and, in default of the payment of the fine and costs, six months additional in the parish jail, all of the sentences under Count No. 3 of the indictment being suspended. He has appealed, relying on five bills of exceptions for reversal of the conviction.

Bill No. 1 was taken to the overruling of a motion to recuse the district attorney. The substance of this motion is that the district attorney has a personal animosity against appellant, stemming originally from quarrels and altercations between appellant and the father of the district attorney; that he and the district attorney have been politically opposed to each other for many years; that during the second primary in which the district attorney was a success-ful candidate, appellant supported his opponent and was threatened and warned during the campaign by one of the district attorney's cohorts that, unless he changed his political activities and supported the candidacy of the district attorney, he "would have to suffer the consequences of a vigorous prosecution and conviction immediately after the election * * *"; that he was told that, if he were to change his political support to the district attorney, the charges would be dropped or nolle prosequied and that these threats and propositions were made with the knowledge and consent of the district attorney.

The district attorney, in his answer to the motion to recuse, vehemently denied the salient allegations thereof and affirmatively stated that he held no animosity toward appellant, did not regard him as a personal enemy and that, on the day of the election and since, informed appellant that he would deal with him fairly.

After considering the allegations of the motion to recuse and the answer thereto, the judge took the position that, in view of the sworn statement of the district attorney that he was unbiased, impartial and harbored no animus against appellant, the taking of evidence would be unwarranted as such proof that might be adduced would merely rehash the political campaign and set a bad precedent for similar motions in the future.

In this court appellant urges, in effect, that the judge has deprived him of a sub-

stantial right by accepting the affidavit of the district attorney as correct without subjecting him to cross-examination and by not allowing the production of proof in support of his charges. And, relying on the broad construction given the third paragraph of Article 310 of the Code of Criminal Procedure, R.S. 15:310, by this court in State v. Tate, 185 La. 1006, 171 So. 108, defense counsel contends that the allegations of the motion for recusation, if taken as true, show sufficient cause for recusation under the statute.

In State v. Tate, the recusation of a district attorney was sought on the ground that he had a personal interest adverse to the prosecution in that he was employed as one of the attorneys in a series of civil suits brought against the defendant, the outcome of which depended upon his success in having defendant convicted. It was argued that the third paragraph of Article 310 of the Code of Criminal Procedure, providing the causes for recusation of a district attorney, reading "If said district attorney shall have a personal interest adverse to that of the prosecution" was equally as applicable to cases where the district attorney had a personal interest in convicting the accused as it was to cases where he had a personal interest in having him acquitted. The court sustained this contention, resolving that, when the district attorney is personally interested in gaining a conviction, his interest is adverse to that of the State, as the State demands no victims, seeking equal and impartial justice only, it being just as much the duty of the prosecution to see that no innocent man suffers as it is to see that no guilty one escapes.

In view of this decision,[1] it was improper for the trial judge to refuse to hear evidence on the motion as the allegations thereof are sufficient, if sustained by preponderating evidence, to require the recusation of the district attorney on the ground that he has a personal interest, adverse to that of the prosecution.

Since a new trial will have to be granted appellant, it would ordinarily be unnecessary to consider the points raised under the other bills. However, it is imperative that we pass on Bill of Exceptions No. 2, which was taken to the overruling of a motion to quash the third count of the indictment on the ground that R.S. 18:377 is unconstitutional. It is contended that R.S. 18:377 is so indefinite that it denies due process and does not inform appel-

1. The author of this opinion is impelled to state that he is not in accord with the ruling in State v. Tate, 185 La. 1006, 171 So. 108, believing that it is contrary to the plain language of the third paragraph of Article 310 of the Code of Criminal Procedure and that it overlooks the reason which undoubtedly prompted the Legislature of 1928 to add this provision to the other two theretofore existing grounds for recusation of a district attorney. However, since the correctness of the decision has not been assailed by the prosecution herein, he feels obliged to follow it as the established jurisprudence of this State.

lant of the nature and cause of the accusation against him.[2]

The statute provides in substance as follows:

"Except as provided in this Part, no person employed by the state or any of its political subdivisions, boards, or commissions, who has power and authority to make arrests or carry arms or who performs the duties and functions usually performed by police officers shall go to or remain at or be stationed at or exercise or attempt to exercise any authority at a polling place or in the immediate vicinity of a polling place in any primary held under this Part."

It is said by counsel for appellant that the words "go to", "remain at", "in the immediate vicinity" and "exercise or attempt to exercise any authority at a polling place" are terms so uncertain and indefinite as to reasonably admit of different constructions and that, accordingly, the offense is not defined with the precision required in order to afford one charged thereunder with due process. State v. Truby, 211 La. 178, 29 So.2d 758; State v. Vallery, 212 La. 1095, 34 So.2d 329 and State v. Penniman, 224 La. 95, 68 So.2d 770 are cited in support of the argument.

We find no merit in the plea. The object of the Act is to prevent peace officers, having authority to make arrests and carry arms, from exerting their powers at or within the vicinity of a polling place, unless specially commissioned to do so and the prohibited offense is set forth in precise and understandable language. Hence, the cases relied on are clearly inapplicable as they dealt with statutes defining crime in conjectural terms. The words "go to" "remain at" are simple words which convey but one meaning and likewise are the terms "polling place" "or in the immediate vicinity of a polling place."

The third bill of exceptions also pertains to the overruling of the motion to quash in that it was taken to the action of the trial judge in permitting the district attorney to amend the indictment.

 The bill is without substance. The indictment, which was couched in the language of the statute, is adequate to inform appellant of the nature and cause of the accusation. Moreover, the judge had the authority to allow the indictment to be amended prior to the commencement of the trial. Article 253, Code of Criminal Procedure, R.S. 15:253.

The conviction and sentence are set aside and the case remanded to the district court for a new trial.

FOURNET, C. J., absent.

---

2. This statute was recently considered by us in State v. Mayeux, 228 La. 6, 81 So. 2d 426 and its validity upheld. The attack of appellant herein is pitched on a different basis.

HAWTHORNE, Justice (dissenting).

The causes for recusation of a district attorney are set forth in Article 310 of the Code of Criminal Procedure, and it has been said by this court that a district attorney cannot recuse himself or be recused except for the causes provided by law. See State v. Boasberg, 124 La. 289, 50 So. 162. The allegations of defendant's motion to recuse the district attorney in the instant case do not fall within any of the causes of recusation enumerated in Article 310, and consequently I think the trial judge was correct in overruling the motion to recuse. Furthermore, I do not subscribe to the holding of this court in State v. Tate, 185 La. 1006, 171 So. 108.

I therefore respectfully dissent.