Judge Joy Cossich Lobrano
I, The State of Louisiana (“State”) seeks review of the district court’s October 28, 2016 ruling granting a motion to recuse District Attorney Leon Cannizzaro’s office (the “District Attorney”) filed by Defendants, Diaminike and Fredrick Stalbert (collectively “Defendants”), in Case No. 526-573, and a motion to recuse the District Attorney filed by Diaminike Stalbert in Case No. 529-774. For the following reasons, we grant the writ and reverse the ruling of the district court.
In Case No. 526-573, Fredrick Stalbert faces charges of discharging a firearm during a crime of violence, aggravated battery, and possession of a firearm by a person convicted of domestic abuse battery, while Diaminike Stalbert faces a charge of inciting a riot. An unrelated incident gave rise to Case No. 529-774, in which Diaminike faces charges of forgery. In the forgery case, Diaminike Stalbert is alleged to have taken a check given to her by a witness advocate employed by the District Attorney’s Office, forged the name of the intended recipient, and pocketed the funds. This, Defendants allege, is sufficient to merit recusal of the District Attorney’s Office.
We disagree. “[T]he jurisdiction of the district attorney to prosecute those who violate state criminal statutes is exclusive; it can only be constrained or | gcurtailed when it operates to the prejudice of a contrary constitutional mandate, and even then only with due deference to the district attorney’s constitutional prerogative.” Bd. of Comm’rs of Orleans Levee Dist. v. Connick, 94-3161, p. 8 (La. 3/9/95), 654 So.2d 1073, 1077. La. C.Cr. P. art. 680(1) provides, in relevant part:
A district attorney shall be recused when he:
(1) Has a personal interest[1] in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice....
In a motion to recuse a district attorney, the defendant bears the burden of showing by a preponderance of the evidence that the district attorney should be recused. *621 State v. Edwards, 420 So.2d 663, 673 (La. 1982).
The Louisiana Supreme Court has found grounds for recusing a district attorney-based on personal interest in only a handful of cases “where the ‘personal interest’ is strictly individual.” State v. Griffin, 2014-1238, p. 12 (La. 10/14/15), 180 So.3d 1262, 1272. Neither Defendant has made a showing that the District Attorney’s interest in this case is strictly individual and in conflict with the fair and impartial administration of justice. Although the District Attorney is a party to the proceedings and the check was drawn on its bank account, this does not constitute the strictly individual personal interest contemplated by La. C.Cr.P. art. 680(1) and Louisiana jurisprudence. As noted by the State, the check was not issued from |sLeon Cannizzaro’s personal checking account and thus the prosecution of Diaminike for the forgery would not result in his private gain.
Defendants’ failure to prove personal interest requires reversal.[2]
Furthermore, because the District Attorney should not be recused from the forgery case against Diaminike Stalbert, in which its office has some connection to the offense, the District Attorney should also not be recused from the unrelated case against Diaminike Stalbert for inciting a riot and Frederick Stalbert for discharging a firearm during a crime of violence, aggravated battery, and possession of a firearm by a person convicted of domestic abuse battery. As such, the district court erred in granting the motion to recuse filed by Diaminike Stalbert in Case No. 529-774 and the motion to recuse filed by Defendants in Case No. 526-573. As a result, the district court’s judgments granting the motions to recuse the District Attorney are reversed.
WRIT GRANTED

. Justice Weimer, in his concurrence in State v. King, 2006-2383, p. 1 (La. 4/27/07), 956 So.2d 562, 571, defined personal interest as follows:
A personal interest in the cause could be any factor which results in the district attorney singling out a particular case for any reason unrelated to the duties and responsibilities of a prosecutor. A personal interest in the cause results if the district attorney or a prosecutor is the victim of the crime charged or if títere is a direct connection between the crime charged and the district attorney. See, e.g., State v. Tate, 185 La. 1006, 171 So. 108 (1936); State v. Cox, 246 La. 748, 167 So.2d 352 (1964); State v. Snyder, 256 La. 601, 237 So.2d 392 (1970), where there was a direct connection between the charges and the district attorneys. A personal interest in the cause also results when an incident or occurrence adversely affects the district attorney's ability to exercise detached professional judgment.

. Specifically, Defendants erred by focusing their argument on the objective test provided in State v. King prior to proving personal interest. In King, 2006-2383, p. 9, 956 So.2d at 567 (plurality opinion), the Louisiana Supreme Court noted that La. C.Cr.P. art. 680(1) "employs an objective decision as to whether a reasonable person would believe the facts at issue regarding the district attorney’s personal interest in the cause would impair his ability to act fairly and impartially in conducting defendant's prosecution.” This test requires that a personal interest has been established prior to its application.