PER CURIAM:
11 Granted. The ruling of the court of appeal is reversed and the district court’s ruling granting defendant’s motion to re-cuse the district attorney is reinstated. The court of appeal vacated the recusal order, citing State v. Ellis, 13-1401 (La. App. 4 Cir. 2/4/15), 161 So.3d 64, finding that defendant failed prove the district attorney treated him differently in the management of his case. However, given the highly unusual circumstances created by the ongoing professional relationship between the district attorney and his employees and Judge Laurie White, it was reasonable for the district court to find “the situation presented raises questions as to whether the district attorney’s ability to fairly and impartially perform his duties has been impaired,” and thus recusal was warranted. See State v. King, 06-2383, p. 9 (La. 4/27/07), 956 So.2d 562, 567 (La. C.Cr.P. art. 680 embodies a policy requiring recusal even when impartiality arises “unconsciously and despite [the district attorney’s] earnest assertions to the contrary.”).
GUIDRY, J., would deny.
CLARK, J., dissents and would deny the writ application.
CRICHTON, J., additionally concurs and assigns reasons.
GENOVESE, J., would deny the writ.