LILJEBERG, J.
The State of Louisiana appeals the trial court's judgment granting defendant Timothy P. Roussel's motion to recuse St. James Parish District Attorney Ricky Babin. We find the trial court erred by denying the parties an evidentiary hearing. Therefore, we vacate the trial court's judgment granting defendant's motion to recuse District Attorney Babin and remand for an evidentiary hearing.
FACTUAL AND PROCEDURAL BACKGROUND
On September 28, 2016, a St. James Parish grand jury indicted defendant with six counts of malfeasance in office in violation of La. R.S. 14:134. The indictment states that, in his capacity as the St. James Parish President, defendant committed six counts of malfeasance in office when he improperly utilized St. James Parish resources for the benefit of a private business and individuals in violation of La. Const. Art. 7 § 14 and La. R.S. 42:1461. In *607 Count 1, the indictment states defendant "gave/donated/loaned" a gas line, meter and labor costs to a local business without a contract "for the payment of the gas line, meter and labor costs, for the cost of the gas, or the use of or transportation of gas through parish lines." Count 2 alleges that defendant authorized St. James Parish to pay $9,100.00 to drive 24 piles on private property. In Counts 3, 4 and 5, respectively, the State alleges that defendant authorized Blaise Gravois, St. James Parish Director of Operations and Public Works,[1] to use public employees and equipment on private properties to remove a shed (Count 3), demolish a mobile home (Count 4) and remove a playhouse and debris (Count 5). Finally, in Count 6, the State alleges that defendant authorized the use of public employees and public equipment to enhance and/or improve private property for the sole benefit of the private property owner at a cost to St. James Parish in the amount of $25,000.00. The indictment alleges that the work provided by the Parish in each of these instances served no legitimate public purpose.
Defendant was arraigned on November 21, 2016, and pleaded not guilty. On that same date, defendant filed his first motion to recuse District Attorney Babin. Defendant argued recusal was mandated pursuant to La. C.Cr.P. art 680(1) because the District Attorney's conduct demonstrated his "personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice." Defendant specifically alleged that District Attorney Babin served defendant with a grand jury subpoena relating to the charges at issue in this matter, just days after defendant refused to seek a supplemental pay request for the attorney assigned by the District Attorney's Office to serve as legal counsel to the St. James Parish Council and President.[2] Defendant further alleged that he was involved in additional budget disputes with District Attorney Babin.
On the day of the August 21, 2017 hearing, defendant filed a supplemental memorandum in support of his motion to recuse. Defendant first noted the trial court overseeing the proceedings pending against Mr. Gravois dismissed the indictments against him due to a finding of improper conduct by Assistant District Attorney Mohon and the suppression of material evidence.
Defendant further argued District Attorney Babin had a conflict of interest due to his dual role as prosecutor in these proceedings and as the legal advisor to defendant in his capacity as the Parish President. Defendant noted District Attorney Babin recently recused his entire office from prosecuting the Ascension Parish President to avoid the appearance of conflict because several members of District Attorney Babin's staff contributed funds to that individual's campaign. Defendant argued the same policy should apply in his matter as three assistant district attorneys contributed to his campaign.
After hearing only oral argument, the trial court took the matter under advisement. On September 15, 2017, the trial *608 judge denied the motion to recuse and explained in written reasons that defendant failed to prove by a preponderance of the evidence that District Attorney Babin had a personal interest in conflict with the fair and impartial administration of justice.
On February 2, 2018, defendant filed a Renewed Motion to Recuse the District Attorney's Office. Defendant reincorporated the arguments set forth in his first recusal motion. Defendant also asked the trial court to recuse District Attorney Babin for three additional reasons. Defendant first directed the trial court to this Court's findings regarding prosecutorial misconduct in State v. Gravois, 17-341 (La. App. 5 Cir. 12/13/17), 234 So.3d 1151, writs denied , 18-100 (La. 3/23/18), 239 So.3d 292 and 18-80 (3/23/18), 239 So.3d 298. Defendant also argued that he recently learned another assistant district attorney had a conflict of interest because he participated in parish council meetings as a legal advisor to the parish government, while simultaneously handling the grand jury investigation of defendant.
Finally, defendant argued the entire District Attorney's Office should be recused because two assistant district attorneys and potentially other employees in the District Attorney's Office, would be material witnesses. Defendant alleged that the attorneys both privately benefitted from the exact same type of parish services the State alleges were illegally provided in the malfeasance charges filed against defendant. Defendant argued the entire District Attorney's Office should be recused because District Attorney Babin failed to follow proper precautions to insulate the office from the recusal issues. Defendant further argued that recusing the entire District Attorney's Office would not present a hardship because the Louisiana Attorney General's Office was already serving as lead counsel in these proceedings.[3]
At the hearing held on April 16, 2018, defendant notified the trial court that he intended to call several witnesses to testify regarding the issues raised in his motion to recuse. The trial judge ruled that he would not allow testimony and asked the attorneys to proceed with argument. After considering counsel's argument, the trial court granted defendant's renewed motion and recused the entire District Attorney's office. In its oral reasons, the trial court indicated it based its ruling on direction this Court provided in Gravois , supra , regarding conflicts of interest in the District Attorney's office:
... the Fifth Circuit again has given us some direction and they've gone over major concerns that they have regarding conflict of interest of the district attorney's office and the appearance of such. So the Court is going to grant the motion to recuse the District Attorney's office.
On April 17, 2018, the trial court issued written reasons for its decision to grant the recusal motion, again relying on this Court's ruling in Gravois , supra :
The Louisiana Fifth Circuit Court of Appeal has made it clear in Roussel's companion case, State v. Gravois , that a conflict of interest exists within the District Attorney's Office. See State v. Gravois, 17-341 (La. App. 5 Cir. 12/13/17), 234 So.3d 1151. (footnote omitted.)
Under the facts of Mr. Roussel's companion case, the Fifth Circuit found that the potential conflict of interest faced by Mr. Mohon is obvious. Based on the *609 Fifth Circuit's ruling in Mr. Roussel's companion case, State v. Gravois , this Court finds a conflict of interest does, in fact, exist. Therefore, this Court granted the Defendant's Renewed Motion to Recuse the District Attorney.
The State appeals the trial court's judgment granting the motion to recuse pursuant to La. C.Cr.P. art. 912(B)(6).
DISCUSSION
On appeal, the State argues the trial court erred by granting defendant's motion to recuse the entire District Attorney's Office when defendant failed to produce any evidence in support of his motion and by relying on a record from a related case.[4]
La. C.Cr.P. art. 680 provides the grounds for recusation of a district attorney as follows:
A district attorney shall be recused when he:
(1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice;
(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, or to a party who is a focus of a grand jury investigation, to such an extent that it may appreciably influence him in the performance of the duties of his office; or
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.
To prevail on a motion to recuse a district attorney, a defendant bears the burden of proving by a preponderance of the evidence that the district attorney has a personal interest that is in conflict with the fair and impartial administration of justice. State v. King , 06-2383 (La. 4/27/07), 956 So.2d 562, 565. The Louisiana Supreme Court has interpreted La. C.Cr.P. art. 680(1)"to embody a policy requiring a district attorney's recusal when the situation presented raises questions as to whether the district attorney's ability to fairly and impartially perform his duties has been impaired, even unconsciously and despite his earnest assertions to the contrary." Id. at 567. " La. C.Cr.P. art. 680(1) does not envision a subjective determination as to whether the district attorney would, in fact, be unfair. The article employs an objective decision as to whether a reasonable person would believe the facts at issue regarding the district attorney's personal interest in the cause would impair his ability to act fairly and impartially in conducting defendant's prosecution." Id.
In State v. Marcotte, 229 La. 539, 86 So.2d 186, 188 (La. 1956), the Louisiana Supreme Court determined it was improper for the trial judge to refuse to hear evidence on a motion to recuse a district attorney, when the allegations, if sustained by a preponderance of evidence, required recusal. Furthermore, in State v. Magee , 16-1674, p. 11 (La. App. 1 Cir. 6/13/17), 2017 WL 2558330, writ denied , 17-1226 (La. 10/27/17), 228 So.3d 1234, the appellate court found that because a defendant must prove that applicability of La. C.Cr.P. art. 680(1) by a preponderance of the evidence, it was improper for the trial court to grant a motion to recuse a district attorney based upon the contentions and allegations made by defense counsel without any specific evidence.
*610 Defendant's recusal motion presents a unique and complex scenario involving allegations of District Attorney Babin's personal interest arising from alleged political vendettas, prosecutorial misconduct and conflicts of interest. In the present matter, the trial court did not allow defendant the opportunity to introduce any evidence to satisfy this burden. We understand the trial court's inclination to rely on findings rendered by this Court in Gravois , supra , considering the similarity of the charges pending against the defendants. However, Gravois involved a different defendant, different trial court, evidentiary record and different issues - two motions to quash the indictments filed against Mr. Gravois.
Considering the burden on defendant to prove the grounds for recusal by a preponderance of evidence, we vacate the trial court's judgment granting defendant's motion to recuse District Attorney Babin and remand the matter for an evidentiary hearing to allow both parties the opportunity to introduce evidence relevant to the recusal issues.
DECREE
Based on the foregoing, we vacate the trial court's judgment granting defendant's motion to recuse District Attorney Babin and remand this matter for an evidentiary hearing.
JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.

On September 26, 2018, the grand jury also returned an indictment against Mr. Gravois, which included five counts of malfeasance in office in violation of La. R.S. 14:134, identical to Counts 1 through 5 charged against defendant. The District Attorney is prosecuting Mr. Gravois in separate proceedings before a different trial court.

Pursuant to La. R.S. 16:2, the District Attorney serves as the legal advisor to the St. James Parish Council, Parish President and all parish departments, offices and agencies. The District Attorney appointed Assistant District Attorney Bruce Mohon to serve as the legal advisor in accordance with La. R.S. 16:2.

The bill of indictment filed against defendant was signed by a representative of the Louisiana Attorney General's Office.

The State also contends the trial court erred by finding a conflict of interest involving one assistant district attorney disqualifies the entire District Attorney's Office. Because we find that the trial court erred by denying an evidentiary hearing, we pretermit consideration of this assignment of error.