I,STEVEN R. PLOTKIN, Judge.
The defendant, Gary Wainwright, is a long time defense lawyer who was a candidate for the office of Orleans Parish District Attorney. Mr. Wainwright argues that District Attorney Harry Con-nick and the entire Orleans Parish District Attorney’s office should be recused from this case since Harry Connick supported Dale Atkins, a candidate running against the defendant in the election for District *124 Attorney.[1] The burden of proving a personal interest under La.C.Cr.P. art. 680(1) rests with the defendant, who must prove it by a preponderance of the evidence. The defendant must prove that the District Attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. Givens, 1999-3518 (La.1/17/01), 776 So.2d 443, 454; State v. Hooker, 2000-0751 (La.App. 4 Cir. 5/17/00), 763 So.2d 738, 748.
The defendant claims that the instant case is similar to State v. Snyder, 237 So.2d 392 (1970). However, in Snyder the District Attorney testified at the motion to recuse that he had developed a strong animosity toward the defendant. In the present case the District Attorney did not testify at all. Another distinction is that the defendant and District Attorney Con-nick were not opponents in the District Attorney election. An appearance of bias and prejudice is not sufficient to warrant | pthe granting of a motion to recuse. In order to show that a District Attorney should be recused from a case the defendant has to prove that he was treated differently in the management of his case. There is no evidence that the District Attorney was involved in this case or that - District Attorney Connick’s decision to support Dale Atkins affected the treatment of defendant’s case. Thus, the defendant has failed to show that District Attorney Connick or his office should be recused from the instant case. The trial court did not err in denying the motion to recuse.
WRIT DENIED.

. Neither the defendant nor Dale Atkins was elected District Attorney.