STATE OF LOUISIANA      *      NO. 2023-K-0791

VERSUS      *

     COURT OF APPEAL

JOSEPH ZANETTI      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 559-706, SECTION "K"
Judge Marcus DeLarge,
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Jeff Landry
Attorney General
Grant L. Willis
J. Taylor Gray
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
Post Office Box 94005
Baton Rouge, Louisiana 70804

       COUNSEL FOR RELATOR/STATE OF LOUISIANA


Leo Caillier, III
Caillier & Associates, LLC
711 2nd Street
Gretna, Louisiana 70053

       COUNSEL FOR RESPONDENT/DEFENDANT

**WRIT GRANTED; REVERSED**

**DECEMBER 29, 2023**

Relator, the Office of the Louisiana Attorney General, seeks review of the district court's December 7, 2023 ruling which granted Respondent's motion to recuse the Attorney General's Office from this case. For the reasons that follow, we grant the writ and reverse the district court's ruling granting the motion to recuse.

Respondent, Joseph Zanetti ("Defendant"), was arrested on August 20, 2023 for aggravated assault. On August 21, 2023, the Orleans Parish District Attorney's Office filed a motion to voluntarily recuse itself based on Defendant's former employment with the District Attorney's Office. On the same date, the magistrate granted the motion to recuse and appointed the Office of the Louisiana Attorney General to represent the State of Louisiana. On October 19, 2023, Defendant was charged by bill of indictment with one count of domestic abuse aggravated assault, a violation of La. R.S. 14: 37.7, and one count of domestic abuse battery, a violation of La. R.S. 14:35.3. Defendant was arraigned on November 14, 2023, at which time he entered a plea of not guilty and the district court set the matter for motions hearing on December 7, 2023.

1

At the commencement of the motions hearing held on December 7, 2023, Defendant orally moved to recuse the Attorney General's Office. The alleged grounds for recusal were twofold: (1) Defendant had worked for the Office of the Louisiana Attorney General;[1] and (2) the former District Attorney for the Parish of Orleans, who currently heads the criminal division of the Attorney General's Office, served as Defendant's previous employer until Defendant "was forced to leave" the District Attorney's Office. No testimony or other evidence was presented in conjunction with the motion to recuse. The district court granted the motion to recuse and set the matter for a contradictory hearing to appoint a new prosecutor.

La. C.Cr.P. art. 680 provides the grounds for recusation of a district attorney. That article states that a district attorney shall be recused when he:

> (1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice . . .

A defendant attempting to recuse a district attorney on the basis of a personal interest in the cause which is in conflict with fair and impartial administration of justice has the burden of proving this ground for recusal by a preponderance of the evidence. *State v. King,* 06-2383, pp. 6-7 (La. 4/27/07), 956 So.2d 562, 565. "An appearance of bias and prejudice is not sufficient to warrant the granting of a motion to recuse. In order to show that a [d]istrict [a]ttorney should be recused from a case the defendant has to prove that he was treated differently in the management of his case." *State v. Ellis*, 13-1401, pp. 27-28 (La. App. 4 Cir.

---

[1] The parties do not dispute that Defendant did not work in the criminal division of the Attorney General's Office.

2/4/15), 161 So.3d 64, 80 (quoting *State v. Wainwright*, 02-2212, pp. 1-2 (La. App. 4 Cir. 12/30/02), 837 So.2d 123, 124).

La. C.Cr.P. art. 681 provides the procedure for recusation of a district attorney:

> A district attorney may recuse himself, whether a motion for his recusation has been filed or not, in any case in which a ground for recusation exists. A motion to recuse the district attorney shall be in writing and shall set forth the grounds therefor. The motion shall be filed in accordance with Article 521, and shall be tried in a contradictory hearing. If a ground for recusation is established the judge shall recuse the district attorney.

In the case *sub judice*, Defendant's oral motion to recuse the Attorney General's Office did not comply with the statutory requirement of La. C.Cr.P. art. 681 that a motion to recuse be in writing. Additionally, the record fails to show that the Attorney General's Office had a personal interest in the case that was in conflict with the fair and impartial administration of justice.[2] Accordingly, we find that the district court erred in granting Defendant's motion to recuse the Attorney General's Office.

For the foregoing reasons, we grant this writ application and reverse the district court's ruling granting the motion to recuse the Attorney General's Office.

**WRIT GRANTED; REVERSED**

---

[2] We note that even had Defendant proven sufficient grounds to disqualify the former District Attorney, recusal of the entire Attorney General's Office would not be warranted. *See State in Int. of L.R.*, 21-0141, p. 7 (La. App. 4 Cir. 3/25/21), 314 So.3d 1139, 1144 ("Art. 680 . . . does not require the recusal of the entire district attorney's office if any of its assistant district attorneys previously worked on the case. In fact, the Louisiana Supreme Court, as recent as 2018, has not required that an entire district attorney's office be recused, simply because an assistant district attorney previously worked on a case that is under the prosecutorial authority of the office.") (citing *State v. Battaglia*, 17-1451, p. 3 (La. 2/14/18), 318 So.3d 695, 697; *State v. Ellis*, 13-1401, p. 26 (La. App. 4 Cir. 2/4/15), 161 So.3d 64, 80 ("The recusal of an assistant district attorney does not require the recusal of the district attorney or his/her other assistants.")).

3